UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TODD M. JOHNSON, SR | : | NO. 3:00CV1556(DJS) |
| | : | |
| VS. | : | |
| | : | |
| JOSEPH GANIM, ET AL | : | JUNE 21, 2004 |

## PLAINTIFF'S TRIAL MEMORANDUM

**(1)  TRIAL COUNSEL**

John R. Williams
Norman A. Pattis
Timothy Mahoney
Katrena Engstrom
Kim Coleman Waisonovitz
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
E-Mail: jrw@johnrwilliams.com

**(2)  JURISDICTION**

A.  SUBJECT MATTER JURISDICTION

The basis for the court's subject matter jurisdiction is Sections 1331, 1343(3) and 1367(a) of Title 28, and Sections 1983 and 1988 of Title 42, of the United States Code.

B.  PERSONAL JURISDICTION

Personal jurisdiction apparently is not contested.

**(3)    JURY-NONJURY**

This is a jury case.

**(4)    LENGTH OF TRIAL**

4 days.

**(5)    FURTHER PROCEEDINGS**

None.

**(6)    NATURE OF CASE**

This is an action to redress the deprivation of rights secured to the plaintiff

by the Constitution and laws of the United States and the State of Connecticut.

The defendant retaliated against the plaintiff and punished him for exercising his

First Amendment right to free speech and deprived him of equal protection of the

laws.

During all times mentioned in this action, the defendant Rapice was a

Labor Relations Officer for the City.  Defendant Rapice is sued only in his

individual capacity.

The plaintiff was employed by the defendant City of Bridgeport in the civil

service position of Custodian I beginning April 12, 1993.  The plaintiff became a

union activist and a vocal critic of the political policies of the Ganim

Administration which he considered unfair to city workers and taxpayers. The

plaintiff's activism took the form, among other things, of picketing outside City

Hall, speaking on radio programs and sending written communications to public

officials.

On January 7, 1999, the plaintiff sent a letter to defendant Rapice and to

the United States Attorney for the District of Connecticut in which he accused the

Ganim Administration of engaging in labor relations policies and practices,

including "harrassment [sic], fear, intimidation, discrimination, demotion, transfer,

favoritism, stealing overtime, and union busting," which he stated created a

danger of causing "violence in the workplace." He urged the Ganim

Administration to send representatives to a seminar on the issue being

conducted later that month in South Norwalk. He further criticized the Ganim

Administration for having sold the city's water pollution control authority to a

private corporation which, he contended, was financially unstable. In conclusion,

he urged the defeat of defendant Ganim at his next bid for re-election.

On January 19, 1999, the plaintiff sent a letter to the Civil Service

Commission of the City of Bridgeport, with copies to his union, Ganim, to his

personal attorney, and to the United States Attorney for the District of

Connecticut. In that letter, the plaintiff requested public records showing test

results for various civil service examinations, expressed concern that his ex-wife

was being discriminated against in her employment applications because of her relationship to him and in an effort to retaliate for his exercise of First Amendment rights, accused Ganim of harassing his ex-father-in-law and attempting to cheat him of the value of his property, and mentioned his hope or belief that the Ganim Administration would in due course be "removed" from office.

On January 26, 1999, defendant Rapice, suspended the plaintiff, without pay, for a period of thirty (30) days because of his having written the two letters described above. Defendant Rapice further ordered, because of the two letters, that the plaintiff would never be permitted to return to work unless and until he submitted to an independent psychiatric examination and was pronounced fit for duty by the psychiatrist.

On May 28, 1999, the Connecticut Department of Labor, after a full hearing in which the City of Bridgeport participated, ruled that in mailing the said two letters the plaintiff did not violate any reasonable employer rule and that the mailing of the letters did not constitute wilful misconduct in the course of the plaintiff's employment.

On June 3, 1999, because of the two letters described above, defendant Rapice terminated the plaintiff's municipal employment. In the manner described above, the defendant punished the plaintiff, and retaliated against him, because of his exercise of protected First Amendment rights, specifically his right to

freedom of speech and his right to petition for redress of grievances, in violation of the First Amendment to the United States Constitution.

The actions of the defendant were extreme and outrageous and were carried out with the knowledge that they probably would cause the plaintiff to suffer emotional distress, in violation of Connecticut law.

As a direct and proximate result of the actions of the defendant described above, the plaintiff has suffered severe emotional distress and economic loss.

**(7)    TRIAL BY MAGISTRATE JUDGE**

No objection.

**(8)    LIST OF WITNESSES**

1. THE PLAINTIFF will testify concerning all the allegations of the complaint. 4 hours.

2. DEFENDANT GANIM will testify concerning his statements and actions regarding the plaintiff, his interactions with defendant Rapice, and his corrupt and unlawful thefts from the employees and taxpayers of the City of Bridgeport. 0.5 hours.

3. DEFENDANT RAPICE will testify concerning all the allegations regarding him set forth above, concerning all his interactions with the plaintiff and with others concerning the plaintiff, and all statements and actions of defendant Ganim. 4 hours.

4.  GEORGE STEINFELD, Ph.D., 1145 Daniels Farm Road, Trumbull, CT, will testify concerning the plaintiff's damages.  1 hour.

5.  BRIAN WILLIAMS, 45 Lyon Terrace, Bridgeport, CT, will testify concerning the anti-employee actions of the defendants and their actions against the plaintiff.  0.5 hours.

6.  ROSE MARIE HOYT, 263 Golden Hill Street, Bridgeport, CT, will testify concerning actions and statements of the plaintiff, of the defendants, and of Brian Williams.  0.5 hours.

7.  ROBERT HAMMOND, 55 Congress Street, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants.  0.5 hours.

8.  DANIEL SULLIVAN, 55 Congress Street, Bridgeport, CT, will testify concerning actions and statements of the plaintiff and the defendants.  0.5 hours.

9.  GLORIA ZANVETTOR, 55 Congress Street, Bridgeport, CT, will testify concerning actions taken against the plaintiff by the defendants.  0.5 hours.

10.  DOMINICK PETTINICHI, 3510 Main Street, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants.  0.5 hours.

11.  FRANK BISOGNO, 3510 Main Street, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants.  0.5 hours.

12.  STEPHEN NELSON, 3510 Main Street, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants.  0.5 hours.

13.  RALPH DeNITTO, 3510 Main Street, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants.  0.5 hours.

14.  MICHAEL FREDINO, 3510 Main Street, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants.  0.5 hours.

15.  WILLIAM HOEY, 475 Clinton Avenue, Bridgeport, CT, will testify concerning acts and statements of the defendants and his and their efforts to set the plaintiff up with Dr. Opsahl.  0.5 hours.

16.  LARRY OSBOURNE, 45 Lyon Terrace, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants.  0.5 hours.

17.  LUCILLE BRUNO, 202 State Street, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants and her own interactions with them.  0.5 hours.

18.  ROBERT DORTENZIO, 202 State Street, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants.  0.5 hours.

19. ERNEST AMARAL, 636 West Taft Avenue, Bridgeport, CT, will testify concerning his interactions with the plaintiff and the actions of the defendants concerning the plaintiff. 0.5 hours.

20. EVELYN AMARAL, 636 West Taft Avenue, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants. 0.5 hours.

21. JAMES PATTERSON, 252 Shelton Street, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants. 0.5 hours.

22. KATHERINE D. JOHNSON, 310 Kent Avenue, Bridgeport, CT, will testify concerning the acts of retaliation by the defendants against the plaintiff. 0.5 hours.

23. JACQUELINE A. JOHNSON, 429 Chopsey Hill Road, Bridgeport, cT, will testify concerning the plaintiff's exercise of his First Amendment rights, the defendants' retaliation against him, and the plaintiff's damages. 0.5 hours.

24. ALAN PORZELT, SR., 45 Lyon Terrace, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants and the plaintiff's damages. 0.5 hours.

25. ALAN PORZELT, JR., 45 Lyon Terrace, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants and the plaintiff's damages. 0.5 hours.

26.  GAIL LEONZI, 358 Queen Street, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants and the plaintiff's damages.  0.5 hours.

27.  RAYMOND LEONZI, 7 MacArthur Road, Trumbull, CT, will testify concerning the acts and statements of the plaintiff and the defendants.  0.5 hours.

28.  RANSFORD SAMUELS, 45 Lyon Terrace, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff, the retaliation against the plaintiff by the defendants, and the plaintiff's damages.  0.5 hours.

29.  KENNETH C. BRUNO, 110 Matthew Drive, Stratford, CT, will testify concerning the acts and statements of the plaintiff and the defendants.  0.5 hours.

30.  HELEN WUERTH, 48 Amsterdam Avenue, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants.  0.5 hours.

31.  JOSE RAMOS, 263 Golden Hill Road, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants and the retaliation against the plaintiff.  0.5 hours.

32.  JASON SILVA, 1720 Noble Avenue, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants and the retaliation against the plaintiff.  0.5 hours.

33.  MICHAEL PARLATORE, 171 Remington Street, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants, the retaliation against the plaintiff by the defendants, and the plaintiff's damages. 0.5 hours.

34.  CARLA CORRIGAN, 115 Highland Avenue, Bridgeport, CT, will testify concerning the plaintiff's acts and statements.  0.5 hours.

35.  DENNIS MURPHY, 45 Lyon Terrace, Bridgeport, CT, will testify concerning all the acts and statements of defendant Ganim and the policies and procedures of the defendant municipality.  0.5 hour.

36.  CUSTODIAN OF RECORDS, Connecticut Department of Labor, Employment Security Division, will authenticate factfinding records concerning the defendants' termination of the plaintiff's employment. 0.25 hours.

**(9)    EXHIBITS**

1    Plaintiff's personnel file

2    Plaintiff's communications to Office of United States Attorney concerning defendants

3    Newspaper articles quoting plaintiff

4    Plaintiff's Unemployment Compensation file

5    Letter from plaintiff to defendants dated January 7, 1999

6    Letter from plaintiff to Bridgeport Civil Service Commission dated 1/19/99

7    Report of Dr. Steinfeld.

**(10)(b)        STIPULATIONS**

None at this time.

**(10)(b)(1)     PROPOSED VOIR DIRE QUESTIONS**

1.  This is a lawsuit for violation of First Amendment rights brought by a terminated employee of the City of Bridgeport against a city official.  Is there any reason why you would have difficulty being completely neutral and fair in deciding this case if you are chosen to serve on the jury?

2.  Is there anyone here who would prefer not to sit on a jury concerning a case of this kind?

3.  Does anyone here feel for any reason that citizens who believe that they have been treated illegally and unfairly should not bring suit against those they believe to be responsible?  If so, please explain.

4.  Have you or has anyone close to you ever been the victim of employment discrimination?

5.  Have you or anyone close to you ever lost a job for reasons you considered to be unfair?

6.  Has anyone here or anyone close to you ever been employed by any other Governmental unit in the State of Connecticut or elsewhere?

7.  Do you know or have you read anything or heard anything about this case, the plaintiff, the defendants or any of the lawyers involved in the case?

11

8.  Has anyone here ever served as an appointed or elected official of state, city or local Government?

9.  Has anyone here or anyone close to you ever been involved in any political campaigns or elections?  If so, please provide details.

10.  Has anyone here or any close to you ever been employed by an attorney?

11.  Would you tend to favor one side or the other in this case without regard to the evidence which may be presented?

12.  Have you, or has anyone close to you, ever been a party to a lawsuit?  If so, please explain.

13.  Where are you employed?

14.  If you are married, where is your spouse employed?

## (10)(b)(2)     PROPOSED JURY INSTRUCTIONS

The plaintiff respectfully requests the Court to charge the jury as follows:

1.  The plaintiff has brought this lawsuit to obtain redress for what he contends were violations of his rights under the United States Constitution, specifically his right to be free from retaliation in his employment as a city employee for having exercised his right to freedom of speech.  Federal law provides that any individual may seek redress in this Court, by way of money damages, against any person or persons who, under color of State law, deprive that individual of any of his constitutional rights.  "Acting under color of law"

means "under pretense of law," and simply means acting in one's capacity as, in this case, officials of the City of Bridgeport. In this case, the plaintiff has satisfied his burden of proving that the defendant was acting under color of law, so you need not concern yourselves with that issue. [Monroe v. Pape, 365 U.S. 167 (1961); Pitchell v. Callan, 13 F.3d 545 (2d Cir. 1994); Conner v. Donnelly, 42 F.3d 220 (4th Cir. 1994); Stengel v. Belcher, 522 F.2d 438, 441 (6th Cir. 1975).]

2. It is not necessary to find that the defendant had any specific intent to deprive the plaintiff of his civil rights in order to find in favor of the plaintiff. The plaintiff is entitled to win this case if a defendant intended the actions which resulted in the violation of the plaintiff's rights or the defendant acted in reckless disregard of the plaintiff's rights. Reckless disregard of the plaintiff's rights simply means not caring whether or not those rights were being violated. [Merriwether v. Coughlin, 879 F.2d 1037 (2d Cir. 1989); Bordanaro v. McLeod, 871 F.2d 1151, 1164 (1st Cir. 1989); Stengel v. Belcher, 522 F.2d 438 (6th Cir. 1975); Gregory v. City of Rogers, 921 F.2d 750, 755-57 (8th Cir. 1990) (Timbers, J.); Wood v. Ostrander, 879 F.2d 583 (9th Cir. 1989); Caballero v. City of Concord, 956 F.2d 204 (9th Cir. 1992); Presnick v. Santoro, 832 F. Supp. 521, 528 (D. Conn. 1993) (Cabranes, J.).]

3. (a) The plaintiff alleges that while he was a public employee working for the City of Bridgeport, the defendant retaliated against him for exercising his right to freedom of speech under the First Amendment to the Constitution of the

13

United States. To prevail on a claim such as this, the plaintiff must first establish what is called a prima facie case. To establish a prima facie case of retaliation the plaintiff must show by a preponderance of the evidence (1) that he was engaged in protected speech under the First Amendment, (2) that the defendant was aware of the plaintiff's protected speech, (3) that the defendant took retaliatory action against the plaintiff based on his protected speech and (4) a causal connection between the plaintiff's protected speech and the retaliatory action.

3. (b) To establish the first element of his prima facie case the plaintiff must establish that his acts of speech were protected by the Free Speech Clause of the First Amendment. This question is a question of law, and is not a question for you to consider. I instruct you that the plaintiff's speech in this case is protected speech.

3. (c) To satisfy the second element of her prima facie case the plaintiff must demonstrate that the defendant who took any of the retaliatory actions were aware of the plaintiff's exercise of protected speech.

3. (d) The third element of the plaintiff's prima facie case of retaliation is that the defendant took action against him in retaliation for his protected speech. That is, the plaintiff must demonstrate that the defendants' conduct affected the terms, privileges, duration or conditions of his employment.

14

3.  (e) As to the fourth element, causation, the plaintiff must establish that his exercise of protected speech was a substantial or motivating factor in the defendants' action.  That is, that the plaintiff's protected speech played a substantial or motivating part in the defendants' retaliatory action.  The plaintiff may establish causation in several ways.  One way is to show temporal proximity between the protected speech and the retaliatory action.  Another way is to show direct evidence of retaliatory animus.  The defendant may have taken the alleged action for one sole reason.  If that one sole reason was the plaintiff's speech, then you must find that the plaintiff's protected speech was a substantial or motivating factor in the defendants' actions.  The defendant may have taken action for many different reasons.  If so, then you must determine whether one of those reasons was the plaintiff's speech.  If it was one of those reasons, then you must determine whether it was a substantial or motivating factor in the retaliatory action against the plaintiff.  If it did play a substantial or motivating part, then you must find that the plaintiff's protected speech was a substantial or motivating factor in the defendants' action.  If you find that the plaintiff established all four elements of the prima facie case then he has proven an inference of retaliation.  You must then consider whether the defendant has demonstrated that a legitimate nondiscriminatory reason existed for his actions.

3.  (f) The defendant presents an adequate defense to the plaintiff's case if he shows, by a preponderance of the evidence, that he would have taken the

same adverse employment action even in the absence of the plaintiff's protected speech. In other words, the defendant must show by a preponderance of the evidence that the same action would have been taken without considering the plaintiff's protected speech. If the defendant show by a preponderance of the evidence that the same action would have been taken without considering the plaintiff's protected speech, then you must find in favor of the defendant. The defendant does not establish an adequate defense merely by showing that he had other, valid reasons for taking action against the plaintiff. It is a defense only if the defendant establishes that he would have acted on those other reasons in the absence of the plaintiff's protected speech. Therefore, if the defendant offers other, valid reasons for taking action against the plaintiff, the defendant must further show that he would have acted on those reasons. Otherwise, the defendant has not presented an adequate defense. If you find that the defendant has demonstrated a legitimate, nondiscriminatory reason or reasons for his action, then you must consider whether the plaintiff has proven that the defendants' articulated reason or reasons were a mere pretext.

3. (g) The plaintiff must prove, through either direct or indirect evidence, that the defendants' articulated reason was not the true reason for his actions but is only a pretext or excuse for taking the alleged retaliatory action against the plaintiff and that the defendants' action was prompted by the plaintiff's protected speech. The plaintiff can prove that the defendants' stated reason for his action

16

is a pretext by persuading you that their reason or reasons are just not believable. However, it is not enough for the plaintiff simply to prove that the defendants' stated reason for his actions was not the true reason. Even if you decide that the defendant did not truly rely on the stated reason or reasons for his actions, you cannot decide in the plaintiff's favor without evidence that the defendant relied instead on the plaintiff's protected speech. In other words, the defendant may not be held liable if you find that he would have taken the same actions based on a legitimate reason alone. [**AUTHORITY**: Nevas, J., in Salma Ikram v. Waterbury Board of Education, et al., No. 3:95C02478(AHN), February 18, 1997.]

4. If you find that the defendant is liable to the plaintiff on any of the grounds advanced in this lawsuit, you should then consider the question of damages. There are essentially two kinds of damages which can be awarded in a lawsuit -- compensatory damages and punitive damages. Compensatory damages are designed to compensate the plaintiff for injuries suffered by the plaintiff. These injuries include money actually spent or debts incurred as a result of the injury, as well as emotional anguish, impairment of reputation, personal humiliation, and other suffering. In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendant. Among the

17

elements of injury and harm for which compensation may be awarded are: The

emotional harm to the plaintiff during and after the impairment or injury received,

including emotional distress or pain, humiliation, personal indignity,

embarrassment, fear, anxiety and/or anguish which the plaintiff has suffered or

may with reasonable certainty be expected to suffer in the future. To support an

award of monetary damages, you must find that actual loss was proximately

caused by the constitutional violation. Actual loss, however, is not limited to

expenses or debts incurred. Injuries of any kind are to be fully and fairly

compensated if they are proximately caused by the constitutional violation. You

should award damages in such a case to the extent that the loss or injury can be

reasonably quantifiable and not simply on the basis of the inherent value of the

rights violated. The damages you award should be proportional to the actual

loss sustained, whether that loss is physical or mental or emotional or one of the

other types of loss I have previously discussed with you. [Memphis Community

School District v. Stachura, 477 U.S. 299 (1986); Wheatley v. Beetar, 637 F.2d

863, 865-68 (2d Cir. 1981); Ellis v. Blum, 643 F.2d 68, 82-84 (2d Cir. 1981);

Walters v. City of Atlanta, 803 F.2d 1135 (11th Cir. 1986); Johnson v. Franklin,

112 Conn. 228, 229, 152 Atl. 64 (1930); Childs v. Bainer, 35 Conn. App. 301,

304 (1994); Creem v. Cicero, 12 Conn. App. 607, 611, 533 A.2d 234 (1987);

Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A.2d 443 (1992).]

5.  You may also decide whether the plaintiff is entitled to the award of any punitive damages.  In a case like this one, you may consider whether acts or omissions of the defendant, if you find them to have been proved, were so serious that the defendant should pay a penalty so that in the future others will be deterred from engaging in the same conduct.  Whether you decide to award any punitive damages should be based on whether you find that the defendant engaged in any one of the following things:

1)  Willful or malicious violation of the constitutional rights of the plaintiff;

2)  Any intentional act by the defendant in gross disregard of the rights of the plaintiff;

3)  Reckless disregard by the defendant of whether or not he was violating the rights of the plaintiff.

If you find any one of these three things to have been proven, then you should award punitive damages.  [Smith v. Wade, 461 U.S. 30 (1983); Stolberg v. Board of Trustees, 474 F.2d 489 (2d Cir. 1973); McFadden v. Sanchez, 710 F.2d 907 (2d Cir. 1983); Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1989); Larez v. City of Los Angeles, 946 F.2d 630, 648-49 (9th Cir. 1991); Wright v. Sheppard, 919 F.2d 665, 670-73 (11th Cir. 1990).]

6.  The purpose of punitive damages awards is both punishment and deterrence, and in deciding whether to award punitive damages and, if so, fixing the amount of such damages, the jury acts as the conscience of the community.

19

In fixing the amount of punitive damages, it is appropriate for the jury to consider all of the same factors which a trial judge would consider in imposing sentence in a criminal case. These factors include the behavior of the defendant at trial and his or her apparent lack of genuine repentance for the misconduct in question, if you find such to be the case. [Hall v. Ochs, 817 F.2d 920 (1st Cir. 1987); Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194 (1st Cir. 1987); O'Neill v. Krzeminski, 839 F.2d 9 (2d Cir. 1988); Zarcone v. Perry, 572 F.2d 52 (2d Cir. 1978).]

7. When two or more persons unite in an act which constitutes a wrong to another, intending at the time to commit it, or performing it under circumstances which fairly charge them with intending the consequences which follow, they incur a joint and several liability for the acts of each and all of the joint participants. The law does not require the injured party to establish how much of the injury was done by one person and how much of the injury was done by another. Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the plaintiff in a total sum as damages. All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts for their benefit, are equally liable with him. Express agreement is not necessary, and all that is required is that there should be a common design or

understanding, even though it be a tacit one.  [Prosser, Law of Torts, Section 46, pp. 291-95 (4th Ed. 1971); Gagnon v. Ball, 696 F.2d 17 (2d Cir. 1982).]

8.  Conduct of a defendant, including statements knowingly made and acts knowingly done after an allegedly wrongful act, may be considered by the jury in the light of all other evidence in the case in determining whether or not the defendant has acted wrongfully.  When a defendant voluntarily and intentionally offers an explanation, or makes some statement tending to show his innocence, and this explanation or statement is later shown to be false, the jury may consider whether this circumstantial evidence points to a consciousness of wrongdoing.  Ordinarily, it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.  Whether or not evidence as to a defendant's voluntary explanation or statement points to a consciousness of wrongdoing or a consciousness of guilt, and the significance to be attached to any such evidence, are matters exclusively within the province of the jury.  A statement or act is "knowingly" done, it made or done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.  [Fernandez v. Fitzgerald, 711 F.2d 485 (2d Cir. 1983); United States v. McDougald, 650 F.2d 532 (4th Cir. 1982); Government of Virgin Islands v. Testamark, 570 F.2d 1162 (3d Cir 1978); United States v. Barresi, 601 F.2d 193 (5th Cir. 1979); United States v. Wood, 550 F.2d 435 (9th Cir. 1976); Opper v. United States, 348 U.S. 84, 92 (1954);

21

Wilson v. United States, 162 U.S. 613, 620-21 (1896); United States v. DeAlesandro, 361 F.2d 694, 697-98 (2d Cir. 1966), cert. denied, 385 U.S. 842 (1967).]

9. A supervisory official, like the defendant Ganim, may be held liable for a violation of the plaintiff's rights if his own conduct was a proximate cause of the violation. A supervisory official subjects a person to a violation of his rights if he (a) does an affirmative act, or (2) participates or acquiesces in another's affirmative act, or (3) omits to do something which he is required to do, and that act or omission causes the violation of which the plaintiff has complained. Personal participation in the immediate acts which violated the plaintiff's rights is not required. It is sufficient if the supervisor sets in motion a series of acts by others, or knowingly refuses to terminate a series of acts by others, which he knows or reasonably should know would casue others to inflict the constitutional injury. [Johnson v. Duffy, 588 F.2d 740 (9th Cir. 1978); McClelland v. Facteau, 610 F.2d 693 (10th Cir. 1979); Sims v. Adams, 537 F.2d 829 (5th Cir. 1976).]

10. The plaintiff also alleges that the defendant intentionally or recklessly inflicted emotional distress upon him in violation of Connecticut law. Under Connecticut law, when a person engages in conduct which involves an unreasonable risk of causing emotional distress to another and that emotional distress is of a kind which, if caused, might adversely affect the plaintiff in a serious way, and the plaintiff actually has suffered such emotional injury, then

22

the plaintiff is entitled to recover any damages which you determine are fair and just to compensate him for the emotional distress he has suffered. It is not necessary for there to be any physical injury in order for the plaintiff to recover. All that is necessary is that the conduct of the defendant has been outrageous, that it have been undertaken under such circumstances that a reasonable person would have known that it was likely to cause emotional distress, and that severe emotional distress actually has resulted. If you find these facts to have been proven, then any defendant who has caused such injury to the plaintiff should be found liable to him under Connecticut state law.    [Berry v. Loyseau, 223 Conn. 786 (1992); Buckam v. People Express, Inc., 205 Conn. 166, 173 (1987); Brown v. Ellis, 40 Conn. Sup. 165 (1984); Mellaly v. Eastman Kodak Co., 42 Conn. Sup. 17 (1991); Murray v. Bridgeport Hospital, 40 Conn.Sup. 56 (Conn.Super. 1984); Buckley v. Lovallo, 2 Conn. App. 579 (1984); Petyan v. Ellis, 200 Conn. 243 (1986); Rosten v. Circuit Wise, Inc., 7 C.S.C.R. 1147 (1992).]

**(11)  OBJECTIONS**

The plaintiff now objects to any opinion testimony by Charles A. Opsahl, Ph.D., because the disclosure of said witness does not comply with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. All others reserved, pending filing of the defendant's Trial Memorandum.

THE PLAINTIFF

BY:_____

      Timothy J. Mahoney (ct24651)
      51 Elm Street
      New Haven, CT 06510
      203/562-9931
      FAX:  203/776-9494
      E-Mail: jrw@johnrwilliams.com
      His Attorney

## CERTIFICATION

On the date above stated, a copy hereof was mailed to John Mitola., Esq., Office of the City Attorney, 999 Broad Street, 2nd Floor, Bridgeport, CT 06604.

_____
Timothy J. Mahoney