FILED

2004 JUN 25 A 11: 44

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TODD JOHNSON<br>    Plaintiff | : | NO.: 3:00CV1556 (DJS) |
| VS. | : | |
| JOSEPH GANIM, et al<br>    Defendants | : | JUNE 21, 2004 |

## DEFENDANT'S AMENDED TRIAL MEMORANDUM

1.  **TRIAL COUNSEL**

    For the Plaintiff

    John R. Williams
    Norman A. Pattis
    William S. Palmieri
    Angelica N. Papastavros
    Dawne Westbrook
    David G. Toro
    51 Elm Street
    New Haven, Connecticut 06510
    Telephone: (203) 562-9931
    Fax: (203) 776-9494

    For the Defendants

    John R. Mitola, Associate City Attorney
    Russell D. Liskov, Associate City Attorney

Arthur C. Laske, Assistant City Attorney
Office Of The City Attorney
999 Broad Street, 2nd Floor
Bridgeport, Connecticut 06604
Telephone: (203) 576-7647
Fax: (203) 576-8252

**2.    JURISDICTION**

Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

**3.    JURY-NONJURY**

This is a jury case.

**4.    LENGTH OF TRIAL**

Approximately four days.

**5.    FURTHER PROCEEDINGS**

None known at this time.

**6.    NATURE OF CASE**

The Plaintiff claims that he was deprived of his rights secured by the Constitution and laws of the United States and the State of Connecticut based on his claim that the Defendants retaliated against the Plaintiff and punished him for exercising his First Amendment rights to free speech and deprived him of equal protection of the laws. Basically, the plaintiff is claiming that he was suspended

and ultimately terminated from his City employment because he exercised his free speech rights.

The Defendants deny all of the essential allegations of the Plaintiff's complaint. During all relevant times in this action, the Defendants acted reasonably and in compliance with the law with respect to the Plaintiff's employment. The Plaintiff wrote two letters to City Officials, one dated January 7, 1999 and one dated January 19, 1999. The letters contained threatening remarks and referenced "violence in the workplace" which compelled the City to suspend the Plaintiff from his employment for 30-days for violating City work polices. The City had legitimate reasons to suspend the Plaintiff because it was concerned about the Plaintiff's own personal safety and the safety of other fellow employees. In connection with his suspension, the City required the Plaintiff to undergo a psychiatric independent medical evaluation as a condition to return to employment. The Plaintiff underwent the independent medical evaluation conducted by Dr. Charles Opsahl. Dr. Opsahl diagnosed the plaintiff with paranoid and suspicious thinking, and his testing revealed impulsivity and death and violence toward others. Dr. Opsahl also found that there was the possibility of thought disorder and that the plaintiff's past and current level of impulsivity

raises the questions of a propensity to lose control and attempt to harm him or others. Based on his examine and testing of the plaintiff Dr. Opsahl recommended that plaintiff engage in intensive psychiatric treatment before resuming his job duties. The City offered its Employee Assistance Program ("EAP") to the Plaintiff, and offered the Plaintiff the opportunity to seek an independent medical examination ("IME") with a doctor of his own choosing. However, the Plaintiff refused to undergo any additional treatment, which left the City with no choice, but to terminate the Plaintiff.

The defendants moved for summary judgment, which was granted by this Court in August 2002. Thereafter, the plaintiff appealed the granting of summary judgment and the Second Circuit Court of Appeals reversed the granting of summary judgment for defendant Rapice but affirmed for the defendant Ganim and the City of Bridgeport. Therefore, the only remaining defendant in this matter is Ronald Rapice.

With respect to the remaining defendant Ron Rapice, defendant has alleged a qualified immunity defense indicating that any action he took was discretionary, objectively reasonable, consistent with clearly established law and executed in good faith with regard to existing facts and circumstances.

7. **TRIAL BY MAGISTRATE JUDGE**

No objection.

8. **LIST OF WITNESSES**

   1. Ronald Rapice-Labor Relations Officer
      45 Lyon Terrace
      Bridgeport, Connecticut

Mr. Rapice will testify about his interactions with the Plaintiff, including but not limited to all conversations, communications and hearings conducted by himself on behalf of the City of Bridgeport, Office of Labor Relations, and other members of the Labor Relations Office regarding Mr. Johnson's work history, his psychiatric evaluation of the Plaintiff, as well as the terms and conditions of his return to work and the events surrounding his termination. (Estimated length of testimony 2 hours)

   2. Edmund Winterbottom-Director of Labor Relations
      45 Lyon Terrace
      Bridgeport, Connecticut

Mr. Winterbottom will testify about his interactions with the Plaintiff, including but not limited to all conversations, communications and hearings conducted by himself on behalf of the City of Bridgeport, Office of Labor Relations, and other members of the Labor Relations Office regarding Mr.

Johnson's work history, his psychiatric evaluation of the Plaintiff, as well as the terms and conditions of his return to work and the events surrounding his termination. (Estimated length of testimony-1 hour).

    3.    John Colligan-Personel Director City of Bridgeport
           45 Lyon Terrace
           Brideport, Connecticut

Mr. Colligan will testify regarding communications received from the Plaintiff, his interaction with the Plaintiff regarding complaints filed by Plaintiff with the Civil Service Commission and/or the Personnel Director, and his own personal apprehension regarding Mr. Johnson's return to work. (Estimated length of testimony-1 hour).

    4.    Robert Hammond-Public Facilities
           55 Congress Street
           Bridgeport, Connecticut

Mr. Hammond will testify about his interaction with the Plaintiff in connection with disciplinary matters including the Plaintiff's suspension and ultimate termination, as well as his interaction with the Plaintiff and his daily supervision of the Plaintiff's work. (Estimated length of testimony-1 hour).

    5.    Daniel Sullivan-Public Facilities
           55 Congress Street
           Bridgeport, Connecticut

Mr. Sullivan will testify about his interaction with the Plaintiff in connection with disciplinary matters including the Plaintiff's suspension and ultimate termination, as well as his interaction with the Plaintiff and his daily supervision of the Plaintiff's work. (Estimated length of testimony-1 hour).

7. Hector Torres
   1038 Farmington Road
   Charleston, South Carolina  29412

Chief Torres will testify about his interaction with the Plaintiff including but not limited to Plaintiff's request for a permit to picket in front of City Hall. (Estimated length of testimony-1/2 hour).

8. Dominic Pettinicchi
   NAGE Representative
   3510 Main Street
   Bridgeport, Connecticut

Mr. Pettinicchi will testify that on or about May 11, 1999 he attended a meeting with the Plaintiff and Labor Relations Officer, Ronald Rapice, wherein the City of Bridgeport offered several options and suggestions to help Plaintiff including seeking EAP counseling and getting another independent medical examination by a doctor of Plaintiff's choice.  Mr. Pettinicchi will testify that Mr. Johnson refused these offers from the City. This witness will also testify with

respect to his interaction with plaintiff at all relevant times to this suit. (Estimated length of testimony-1/2 hour).

>  9. Labor Relations Officer Lawrence Osborne
>     45 Lyon Terrace
>     Bridgeport, CT

Mr. Osborne will testify about his interaction with the plaintiff and about an event where the plaintiff caused a minor disruption in the Labor Relations Office. (Estimated length of testimony-1/2 hour).

## 9.   EXHIBITS

1. The Plaintiff's Complaint.

2. Plaintiff's Compliance with Defendant's Interrogatory and Production Requests dated June 25, 2001.

3. Dr. Charles Opsahl's medical report dated March 25, 1999. This report sets forth Dr. Opsahl's examination and findings with respect to the independent medical examination performed by Dr. Opsahl on the plaintiff.

4. Dr. Opsahl's medical file pertaining to the examination performed on the plaintiff

5. January 26, 1999 letter from Labor Relations Officer Ronald Rapice to Plaintiff. RE: Suspension and request to undergo EAP assistance and IME.

6. June 3, 1999 letter from Labor Relations Officer, Ronald Rapice to Plaintiff. RE: Termination letter which references plaintiff's refusal to seek EAP assistance and references the many opportunities the City gave plaintiff to comply with the City's request including the assignment of a new EAP counselor and an IME conducted by a doctor of plaintiff's choice.

7. Letter from Plaintiff to Defendants dated January 7, 1999, which references violence in the workplace.

8. Letter to Civil Service Commission from Plaintiff dated January 19, 1999.

9. The Collective Bargaining Agreement between NAGE and the City of Bridgeport which identifies the rights of union members and the City concerning discipline in the workplace.

10. The City of Bridgeport Work Rules and Regulations Policy.

11. Labor Relation's file pertaining to suspension and termination of plaintiff specifically:

   a. Lettter to John Marsillio from anonymous employee RE: Todd Johnson

   b. Letter to Daniel Sullivan from anonymous employee RE: Todd Johnson

   c. Letter to Director of Labor Relations Edmund Winterbottom from City Hall Employees RE: Todd Johnson.

12. File- Family Services Woodfield Todd Johnson including:

   a. Assessment by Clinician Report dated March 8, 1999

   b. Letter to Ron Rapice from William Hoey dated April 27, 1999.

   c. Progress notes dated March 8, 1999, April 1, 8, 16, 27, 1999.

   d. Various handwritten letters from plaintiff.

13. Letter from Todd Johnson to Ned Winterbottom dated February 18, 1998

## 10. JURY TRIAL

## 10.(b) STIPULATIONS

   None at this time.

## 10.(b)(1)    PROPOSED VOIR DIRE QUESTIONS

   See attached.

**10.(b)(2)   PROPOSED JURY INSTRUCTIONS**

See Attached.

**11.   ANTICIPATED EVIDENTIARY PROBLEMS**

See Attached memoranda. The memoranda are based on plaintiff's previous trial memorandum filed with this court. The defendant may file additional memorandum in this matter.

THE DEFENDANT

BY: _____
John R. Mitola
Associate City Attorney
Office Of The City Attorney
999 Broad Street
Bridgeport, Connecticut 06604
Telephone No.: (203) 576-7647
CT FED BAR NO.: 04017

### CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 23 day of June 2004, to John R. Williams, Esq., Williams & Pattis, 51 Elm Street, Suite 409, New Haven, Connecticut 06510.

_____
John R. Mitola
Commissioner of the Superior Court