*FILED*

2004 JUN 25 A 11: 44

U.S. DISTRICT COURT
HARTFORD, CT.

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| TODD M. JOHNSON, SR. | : NO. 300CV01556 (DJS) |
| V. | : |
| JOSEPH GANIM, RONALD RAPICE AND CITY OF BRIDGEPORT | : JUNE 21, 2004 |
| | : |

## DEFENDANTS' PROPOSED REQUEST TO CHARGE

### I. 42 U.S.C. § 1983 Claim

1. Section 1983 provides a plaintiff with a cause of action when he has been

deprived of a federal right under color of state law.  The statute states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Authority: 29 U.S.C. § 1983.

1

## II. **Essential Elements of 1983 Claim**

1. In order for the plaintiff to be successful in its claim against the defendant the plaintiff must prove to you by a fair preponderance of the evidence four elements, which I will explain to you in a moment.  If the plaintiff fails to prove anyone of these elements, then you must find for the defendant.

   a. That the conduct complained of was committed by a person acting under color of state law.

   b. That the defendant Ron Rapice deprived the plaintiff of a constitutional right, in particular to this case plaintiff's right not to be retaliated against for exercising his First Amendment rights to free speech;

   c. That the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff;

   d. That the actions of the defendant in question, which caused the alleged loss, were intentional.

   Authority: *Authority Parratt v. Taylor* 451 US 527 (1981).

   *Eagleston v. Guido* 41 F. 3d 865 (2nd Cir. 1994)

2. Your verdict must be for the defendant if any of the above elements has not been proved by a preponderance of the evidence. I will now instruct you on each of these four elements.

## III. Element One-Under Color of Law

1. Acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. In the present case there is no issue that the defendant Ronald Rapice was acting under the color of state law. Therefore, you need not consider this element.

Authority:  *Model Jury Instructions (Civil) Ninth Circuit* § 11.1.1 (1997).

## IV. Element Two-Deprivation of Rights-Substantial Motivating Factor

1.The second element the plaintiff must prove by a fair preponderance of the evidence is that the defendant Rapice deprived the plaintiff of constitutional rights, privileges, or immunities secured by the constitution or laws of the

United States. In this regard, the plaintiff claims that the defendant violated plaintiff's First Amendment Constitutional right to free speech by retaliating against him for exercising that right. Specifically, the plaintiff claims that the defendants suspended him from his employment and then terminated him from employment because he wrote two letters addressed to various City officials, dated January 7, 1999 and January 19, 1999. Plaintiff claims that his exercising of his free speech rights, the writing and sending of these letters, was the motivating factor in suspending him from his job and then terminating him.

2.  When a public employee like the plaintiff in this case is claiming retaliation for the exercise of First Amendment free speech rights he must prove:

    a.  That the speech at issue was a matter of public concern rather then as an employee on matters of personal interest. I am instructing you that as a matter of law the letters at issue expressed a matter of public concern.

    b.  The plaintiff must also prove that he suffered an adverse employment action. I am instructing you that in this case there is no

4

question that plaintiff suffered from an adverse employment action

because he was suspended and terminated from his employment;

c.  The plaintiff must also prove that the speech was a substantial or

motivating factor in the adverse employment action. I will discuss

this with you in more detail in a moment.

*Ganim v. Johnson,* (2nd Cir No. 02-9180 August 27, 2003); *Grillo v.*

*N.Y. Transit Authority*, 291 F. 3d 231, 235 (2nd Cir. 2002); *Diesel v.*

*Town of Lewisboro* 232 F. 3d 92, 107 (2nd Cir. 2001); *Sheppard v.*

*Beerman*, 317 F. 3d 351, 355 (2nd Cir. 2003).

3.  The term "motivating factor" means a consideration that moved defendant

toward his decision. To prove that plaintiff's claimed exercise of his First

Amendment Right was a motivating factor in the defendant's decisions to

suspend the plaintiff from his employment for 30 days and order the

plaintiff to seek professional medical help and utilize the City of

Bridgeport's Employee Assistance Program, and the termination from his

employment, the plaintiff must prove that the exercising of his free speech

rights was a substantial consideration that made a difference in or

influenced the defendant's decision. The plaintiff may establish this in

several ways. One way is to prove by a preponderance of the evidence temporal proximity between the protected speech and the conduct of the defendant. Another way is to show direct evidence of retaliation by the defendant. If you find that the defendant took action for many different reasons, then you must determine whether or not one of those reasons was the plaintiff's speech.

4.  The defendant Rapice denies that the action he took had anything to do with the plaintiff's exercise of his free speech but was done for legitimate reasons. Specifically, the defendant Rapice claims that plaintiff was not suspended and ultimately terminated from his employment in an effort to retaliate against the plaintiff because of the written letters but that the action taken by Rapice was based on a genuine concern about the safety of the employees and the plaintiff himself; further, Rapice claims that his actions were based on the reports from an EAP counselor and Dr. Charles Opsahl, a clinical psychologist, who opined that the plaintiff was paranoid and was prone to suspicious thinking, impulsivity, and references to death or violence toward others, thought disorder; that there was a question about plaintiff's propensity to lose control and attempt to harm either

himself or someone else; that plaintiff's irritability negativity and feeling of being demeaned, unappreciated and rejected by others raise the serious questions of antisocial acting out; that he does not accept responsibility for his behaviors and he has a tendency to rationalize excessively and blame his difficulties on other people. Defendant Rapice further claims that his actions were based on Dr. Opshal's recommendation that plaintiff engage in intensive psychiatric treatment and that he complete his treatment before returning to work, and because plaintiff refused to engage in the recommended therapy and refused to continue his EAP treatment, even though he was given several chances to do so, and based on plaintiff's conduct at the time, Rapice was forced to terminate plaintiff's employment. If you find that Rapice's actions, namely the suspension and termination of the plaintiff, were not motivated by plaintiff exercising his free speech rights but were done for other legitimate reasons then you must find for the defendant Rapice.

5. Additionally, the defendant must prevail if it is shown that he would have taken the same adverse employment action even in the absence of the plaintiff's protected speech. In other words, if the defendant had a

legitimate reason for suspending the plaintiff from his employment and then terminating him, you must find for the defendant in this matter.

Authority: *Model Jury Instructions* (Civil) Fifth Circuit δ10.4 (1999); *Nevas, J. Salma Ikram v. Waterbury Board of Education, et, al* No. 3:95C02478 (ANH) February 18, 1997.

## V. Element Three-Proximate Cause-Causation

1. The plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the defendant was a cause-in-fact of the damage plaintiff suffered. An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. The plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the defendant was a proximate cause of the damage plaintiff suffered. An act or omission is a proximate cause of the plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

Authority: *Model Jury Instructions (Civil) Fifth Circuit* § 10.4 (1999).

*Grivhan v. Western Line Consolodated School*

*District* 439 U.S. 410 (1979)

*Gierlinger v. Gleason* 160 F.3rd 858 (2nd Cir. 1998)


## VI. Element Four-Intentional Conduct

1. The plaintiff must also prove by the preponderance of the evidence that
   the defendant acted intentionally or recklessly in order to prove a 1983
   claim and that the defendant's intentional acts violated the plaintiff's rights.

2. An act is intentional if it is done knowingly, that is, if it is done voluntarily
   and deliberately and not because of mistake, accident, negligence or other
   innocent reason. Also, the plaintiff can recover against the defendant if he
   proves that the defendant acted recklessly. An act is reckless if it is done
   in conscious disregard of its know probable consequences.

3. In this area, in determining intentional conduct or reckless behavior you
   should remember that while witnesses may see and hear and be able to
   give direct evidence of what a person does or fails to do, there is no way
   of looking into a person's mind. Therefore, you have to depend on what

was done and what the people involved said was in their minds and your

belief or disbelief with respect to those facts.

4. Finally, as I have instructed you, the plaintiff must prove intentional or

reckless conduct. If the acts of the defendant were merely negligent then

even if the plaintiff suffered injuries as a result of the acts, you must still

find for the defendant.

Authority:

*Daniels v. Williams* 474 U.S. 327 (1986)

*Davisdon v. Cannon* 474 U.S. 344 (1986)

*Wilson v. Seitzer* 501 U.S. 294 (1991);

*City of Canton v. Harris,* 489 U.S. 378 (1989).


## VII. Pickering Balancing Test

1. I just indicated to you that the speech at issue is a matter of public

concern and therefore, is protected under the First Amendment. Despite

this a government employer (in this case the defendant Rapice) may take

an adverse employment action against a public employee for speech on

matters of pubic concern. In other words, even if the speech was the

motivating factor in the suspension and termination of the plaintiff (which is denied by the defendant Rapice) Rapice was authorized to act as he did if you find that:

    a. the employer's prediction of the disruption that the speech will cause is reasonable;

    b. the potential for disruption outweighs the value of the speech; and

    c. the employer took the adverse employment action not in retaliation for the employee's speech, but because of the potential for disruption.

*Jeffries v. Harelston*, 52 F. 3d 9, 13 (2nd Cir. 1995)

## VII.  **Qualified Immunity**

1. In this matter, the defendants have alleged a special defense based upon the legal doctrine know as qualified immunity. If you find that the defendant Rapice is liable to the plaintiff, then you must consider whether that defendant is shielded from such liability on that claim because of the doctrine of qualified immunity. Public officers, such as

the defendants, are shielded from liability for civil damages when

performing discretionary duties or functions insofar as their conduct

does not violate any clearly established statutory or constitutional

rights of which a reasonable person would have known, or insofar as it

was objectively reasonable for them to believe that their acts did not

violate such clearly established rights. In the context of this case, to

establish the defense of qualified immunity, a defendant must

demonstrate, by a preponderance of the evidence, that it was

objectively reasonable for him to believe that his actions did not violate

any clearly established right of the plaintiff- in other words, that a

reasonable public official in the defendants' situation would believe his

conduct to be lawful.

2.  If you find that plaintiff's right to free speech was violated by defendant,

but you also find that public officials of reasonable competence could

disagree as to whether the defendant's actions violated the plaintiff's

right to be free from retaliation for exercising free speech, then that

defendant is entitled to qualified immunity on that claim and is not

liable to the plaintiff.

Authority: Thompson, J *Laws v. Torres, et, al* No. 3:95CV00035(AWT) October 5, 2001.

## VIII.  Damages

1. If you find that the defendant is liable to the plaintiff, you must then consider the issue of damages. In this regard, please note that the mere fact that I instruct you on damages does not mean that you should award damages, or that I have any opinion as to whether you should award damages. Also, please note that if you find the defendant Rapice liable, you are not to consider whether anyone other than the defendant did anything wrong. Only the conduct of defendant Rapice, if found liable, should be considered.

2. There are three kinds of damages that can be awarded in a case of this type:  compensatory damages, nominal damages and punitive damages.

### Compensatory Damages

3. Compensatory damages are intended to make a plaintiff whole, that is, to fairly and justly compensate him or her for any injury he or she sustained as a direct result of the responsible party's unlawful actions.

4. A plaintiff is entitled to compensatory damages only for injuries caused by unlawful acts. Damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

5. Among the elements of injury or loss for which compensation may be awarded are:

> (1)    Physical harm to the plaintiff, including any pain or injury the plaintiff suffered; and

> (2)    Emotional harm to the plaintiff, including emotional distress, pain, suffering, personal indignity, fear, anxiety, or anguish the plaintiff suffered.

You may not, however, award as a component of damages any sum intended to cover the attorneys' fees that may have been incurred by the plaintiff in this lawsuit. This issue will be dealt with, if necessary, in a separate proceeding.

6. The damages you award should be proportional to the actual loss sustained and should not result in double recovery with respect to any one item of damage.

**Nominal Damages**

7. If, after considering all the evidence presented, you find that the defendant violated the plaintiff's rights under the United States Constitution, but that the plaintiff suffered no injury as a result of the violation, you must award the

plaintiff "nominal damages."  Nominal damages are awarded in recognition of the fact that a person's constitutional rights have been violated.  You should award nominal damages if you conclude that the plaintiff suffered a deprivation of his rights without any resulting injury or damage.

8. You may <u>not</u> award both nominal and compensatory damages to the plaintiff.  Either the plaintiff suffered injuries that were legally caused by the defendant, in which case you must award compensatory damages, or he did not suffer any injuries, in which case you must award nominal damages, i.e., one dollar.

### **Punitive Damages**

9. If you award the plaintiff compensatory or nominal damages in this case, you may also make a separate and additional award of punitive damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct and to deter a defendant and others like him or her from engaging in such conduct in the future.

10. You may award the plaintiff punitive damages against a defendant if you find that that defendant acted maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite toward the injured

15

person or by some improper motive.  An act or failure to act is wanton if done in reckless or callous disregard of, or indifference to, the rights of the injured person.  The plaintiff has the burden of proving, by preponderance of the evidence that the defendant in question acted maliciously or wantonly with regard to the plaintiff's rights. Intent to injure exists when a defendant has a conscious desire to injure a plaintiff in a manner he or she knows to be unlawful.  A conscious desire to perform the physical acts that caused a plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that a defendant has a conscious desire to violate rights or injure a plaintiff unlawfully.

11. If you find by a preponderance of the evidence that the defendant acted with malicious intent to violate the plaintiff's rights or unlawfully injure him, or if you find that that defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages against that defendant.

12. You should keep in mind that an award of punitive damages is discretionary.  That is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or

you may decide not to award them.  Whether to award punitive damages and, if so, the amount of punitive damages, are issues entrusted to your sound judgment and discretion.  In exercising this judgment and discretion, you are to act reasonably and without bias or prejudice.

13. Please note that, at this point in the proceedings, you are only asked to consider whether the plaintiff is entitled to punitive damages; not the specific amount of any such damages.  If you do decide to award the plaintiff punitive damages, after you return your verdict, we will have a separate, brief proceeding at which you will hear more evidence and decide on the amount of punitive damages to be awarded.

THE DEFENDANT RONALD RAPICE

BY
John R. Mitola
Associate City Attorney
999 Broad Street
Bridgeport, CT 06604
Tel. 203-576-7647
CT Fed. Bar. No. CT 04017

**CERTIFICATION**

The undersigned hereby certifies that a copy of the foregoing was mailed, postage prepaid to Attorney John R. Williams, Williams and Pattis, LLC 51 Elm Street Suite 409 New Haven CT 06510 on this 23 day of June 2004.

John R. Mitola

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **TODD JOHNSON** | : | **NO.: 3:00CV1556  (DJS)** |
| **Plaintiff** | : | |
| | | |
| **VS.** | : | |
| | | |
| **JOSEPH GANIM, et al** | : | |
| **Defendants** | : | **JUNE 22, 2004** |

## <u>DEFENDANT'S EVIDENTIARY MEMORANDUM NO. 1</u>

The Defendant moves for an order precluding the Plaintiff from submitting his entire personnel file in the above referenced matter. In the Plaintiff's Trial Memorandum, Plaintiff lists as an exhibit the "Plaintiff's personnel file." It is unclear what, if any, part of the Plaintiff's personnel file is relevant to the present case. This is so because the plaintiff has not identified what portion of his personnel file he wants to submit into evidence. The Defendant wishes to preserve any objections that it has with respect to specific parts of Plaintiff's personnel file which, may not be relevant to this case or contain hearsay or violate other evidentiary rules.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

TODD JOHNSON              :     NO.: 3:00CV1556  (DJS)
    Plaintiff           :

VS.                      :

JOSEPH GANIM, et al       :
    Defendants        :     JUNE 22, 2004

## DEFENDANT'S EVIDENTIARY MEMORANDUM NO. 2

The Defendants in the above captioned matter move to preclude any communications that Plaintiff made to the Office of the United States Attorney concerning the Defendants.  In Plaintiff's Trial Memorandum the Plaintiff lists as an exhibit "Plaintiff's Communications to Office of the United States Attorney Concerning Defendants."  This disclosure of a proposed exhibit is extremely vague and unspecific because it does not specifically identify what communications the plaintiff is referring to. The Defendant wishes to preserve any objections it has as to any specific communications that the Plaintiff may have made to the Office of the United States Attorney because, said communications may not be relevant to the present matter and may contain inadmissible hearsay and may violate other evidentiary rules.

Additionally, it is anticipated that the plaintiff will attempt to refer to or submit evidence about the conviction of former Mayor Joseph Ganim.  It is submitted to this court that the plaintiff should be precluded from doing so because Ganim is no longer a defendant in this matter by virtue of the fact that summary judgment was entered on his behalf. Such evidence is clearly irrelevant to the facts of this case and specifically the claims against Rapice, the only remaining defendant.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

TODD JOHNSON     :  NO.: 3:00CV1556  (DJS)
  Plaintiff      :

VS.         :

JOSEPH GANIM, et al    :
  Defendants     :  JUNE 22, 2004

### <u>DEFENDANT'S EVIDENTIARY MEMORANDUM NO. 3</u>

The Defendant moves to preclude any newspaper articles quoting Plaintiff. In the Plaintiff's Trial Memorandum Plaintiff identifies as a possible exhibit "newspaper articles quoting Plaintiff."  This disclosure is unspecific and it is unclear what newspaper articles the Plaintiff is referring to.  Moreover, the articles themselves may not be relevant to the facts of this present case and may contain inadmissible hearsay and violate other evidentiary rules. There is no claim in plaintiff's complaint that he was terminated from his position because of quotes that he made in newspaper articles. The allegations of the complaint specifically claim that plaintiff was suspended and terminated from his job because of the January 7, and 19, 1999 letters written by the plaintiff.  Therefore, the Defendant moves that any newspaper articles being offered by the Plaintiff

be precluded in this case unless the plaintiff can explain why said articles are relevant and why the articles do not violate evidentiary rules such as hearsay.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

TODD JOHNSON                          :        NO.: 3:00CV1556   (DJS)
    Plaintiff                        :

VS.                                   :

JOSEPH GANIM, et al                   :
    Defendants                       :        JUNE 22, 2004

### DEFENDANT'S EVIDENTIARY MEMORANDUM NO. 4

      The Defendant moves to preclude Plaintiff's unemployment compensation file from coming into evidence.  In Plaintiff's Trial Memorandum the Plaintiff lists as a possible exhibit "Plaintiff's Unemployment Compensation File."  It is submitted to this Court that the Plaintiff's unemployment compensation file is not relevant to the allegations in Plaintiff's complaint and contains inadmissible hearsay.  Upon information and belief the Plaintiff's unemployment compensation file addresses the issue as to whether or not the Plaintiff was entitled to unemployment benefits after he was terminated. This is not a relevant issue in the present case. Upon information and belief, the plaintiff wants to offer this file because at one stage in the administrative unemployment compensation

process, it was ruled that the plaintiff could collect unemployment compensation benefits because the plaintiff did not target or threaten a particular individual and therefore, the plaintiff did not engage in willful misconduct. This preliminary ruling was reversed on appeal at the administrative level. What occurred at the administrative level has nothing to do with the issues in the present case, which involve δ1983 claims and whether or not the defendants violated plaintiff's First Amendment rights. Simply put, there is no justifiable reason why the unemployment file is remotely relevant to the facts of this case and the file would contain hearsay.

## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **TODD JOHNSON** | : | **NO.: 3:00CV1556  (DJS)** |
| **Plaintiff** | : | |
| | | |
| **VS.** | : | |
| | | |
| **JOSEPH GANIM, et al** | : | |
| **Defendants** | : | **JUNE 22, 2004** |

### DEFENDANT'S EVIDENTIARY MEMORANDUM NO. 5

The Defendant raises concerns with respect to the anticipate witness list identified by the plaintiff in his first Trial Memorandum. The plaintiff lists 36 witnesses and under most of the witnesses the plaintiff claims that the witness will testify about, "actions and statements of the plaintiff and the defendants." This disclosure is vague and unspecific and raises concerns to the Defendants. This is so because in the plaintiff's compliance with written discovery the plaintiff identifies all of the same witnesses identified in the Trial Memorandum and sets-forth specifically what knowledge these witnesses purportedly have. The problem with the vast majority of these witnesses is that their alleged knowledge, as outlined in plaintiff's compliance with discovery, is not relevant to the facts of the present case and should not be allowed. For example, Brian Williams who works in the Chief Administrator's Office

1

for the City is identified in plaintiff's responses to discovery as a person who has knowledge of the facts alleged in plaintiff's complaint. Plaintiff states that Williams has knowledge of, "Witnesses Union busting; disregarded warnings pertaining to Union contracts; abusing his authority and conspiring with Rose Marie Hoyt to utilize city buildings after hours for personal reasons." This information that Mr. Williams allegedly has is totally irrelevant to the issues in the present case and would only confuse the issues in the present case. The problem with the plaintiff's witness list as disclosed in the Trial Memorandum is that it is vague and unspecific. If it is the intent of the plaintiff to have the witnesses testify about what plaintiff disclosed in his discovery responses then the defendant objects on the ground of relevance and because such testimony would be unduly prejudicial to the defendants.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

TODD JOHNSON                          :        NO.: 3:00CV1556  (DJS)
     Plaintiff                        :

VS.                                   :

JOSEPH GANIM, et al                   :
     Defendants                       :        JUNE 22, 2004

## DEFENDANT'S  EVIDENTIARY MEMORANDUM NO. 6

The Defendant objects to the Plaintiff's disclosure of George Steinfeld, Ph.D

as a witness in this case.  The Plaintiff states that Dr. Steinfeld will testify concerning

the Plaintiff's damages.  The Plaintiff has never disclosed Dr. Steinfeld as an expert

pursuant to the relevant Federal Rules of Civil Procedure.  The Defendants have no

expert disclosure report filed by the plaintiff in this matter and therefore, if the

purpose of Dr. Stenfeld's testimony is to opine on plaintiff's medical condition the

Defendants object.

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **TODD JOHNSON**<br>**Plaintiff** | : | **NO.: 3:00CV1556  (DJS)** |
| | : | |
| **VS.** | : | |
| | : | |
| **JOSEPH GANIM, et al**<br>**Defendants** | : | **JUNE 22, 2004** |

## <u>DEFENDANTS' EVIDENTIARY MEMORANDUM NO. 7</u>

In his Trial Memorandum the plaintiff objects to the disclosure of Dr. Charles Opsahl as a defense expert in this matter based on the claim that the defendant did not comply with Rule 26(a). It is submitted to this court that the defendant complied with the rule. Expert disclosure was made by way of a May 15, 2001 "Disclosure of Expert Witness" Accompanying the disclosure was Dr. Opsahl's report.  It is submitted that the defendant has complied with the rule and that the plaintiff's objection lacks merit.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **TODD JOHNSON**<br>    **Plaintiff** | : | **NO.: 3:00CV1556  (DJS)** |
| | : | |
| **VS.** | : | |
| | : | |
| **JOSEPH GANIM, et al**<br>    **Defendants** | : | **JUNE 22, 2004** |

## DEFENDANTS' EVIDENTIARY MEMORANDUM NO. 8

At his deposition, the plaintiff testified that he met Mayor Joseph Ganim many years ago while the two were in drug rehab with each other. Without commenting on the accuracy of such testimony the defendant Rapice moves to preclude this testimony on the ground that it is irrelevant. Simply put, such testimony has nothing to do with the claims raised in this δ1983 case and is not even remotely referenced in any way in the complaint. Even if there was some remote relevance of such evidence, Ganim is no longer a defendant in this matter, having obtained summary judgment. The issues in this case involve the claimed conduct of defendant Rapice and do not concern plaintiff's purported meeting with the former mayor.