*scan*
*no disk*

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

1556(DFM)

| | | |
|---|---|---|
| **TODD JOHNSON** | : | NO.: 3:00CV1556~~(DJS)~~ |
| **Plaintiff** | : | |
| | | |
| **VS.** | : | |
| | | |
| **JOSEPH GANIM, et al** | : | |
| **Defendants** | : | **MAY 31, 2005** |

## PARTIES JOINT TRIAL MEMORANDUM

1.  **TRIAL COUNSEL**

    For the Plaintiff

    John R. Williams
    51 Elm Street
    New Haven, Connecticut 06510
    Telephone:  (203) 562-9931
    Fax:  (203) 776-9494


    For the Defendants

    John R. Mitola, Associate City Attorney
    Russell D. Liskov, Associate City Attorney
    Arthur C. Laske, Assistant City Attorney
    Office Of The City Attorney
    999 Broad Street, 2nd Floor
    Bridgeport, Connecticut 06604
    Telephone:  (203) 576-7647

Fax: (203) 576-8252

**2.   JURISDICTION**

Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

**3.   JURY-NONJURY**

This is a jury case.

**4.   NATURE OF CASE**

Plaintiff claims that he was deprived of rights secured by the Constitution and laws of the United States.

**5.   STIPULATIONS OF FACT AND LAW**

None.

**6.   PLAINTIFF'S CONTENTIONS**

This is an action to redress the deprivation of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Connecticut. The defendants retaliated against the plaintiff and punished him for exercising his First Amendment right to free speech and deprived him of equal protection of the laws.

During all times mentioned in this action, the City of Bridgeport was a municipal corporation in the State of Connecticut, the defendant Rapice was a Labor Relations Officer for the City and Joseph Ganim was the Mayor and chief executive officer of the City of Bridgeport.  Defendant Rapice is sued only in his individual capacity.

The plaintiff was employed by the City of Bridgeport in the civil service position of Custodian I beginning April 12, 1993.  The plaintiff became a union activist and a vocal critic of the political policies of the Ganim Administration which he considered unfair to city workers and taxpayers.  The plaintiff's activism took the form, among other things, of picketing outside City Hall, speaking on radio programs and sending written communications to public officials.  On January 7, 1999, the plaintiff send a letter to Mayor Ganim, to defendant Rapice and to the United States Attorney for the District of Connecticut in which he accused the Ganim Administration of engaging in labor relations policies and practices, including "harrassment [sic], fear, intimidation, discrimination, demotion, transfer, favoritism, stealing overtime, and union busting," which he stated created a danger of causing "violence in the workplace."  He urged the Ganim Administration to send representatives to a seminar on the issue being

conducted later that month in South Norwalk. He further criticized the Ganim Administration for having sold the city's water pollution control authority to a private corporation which, he contended, was financially unstable. In conclusion, he urged the defeat of Mayor Ganim at his next bid for re-election. On January 19, 1999, the plaintiff sent a letter to the Civil Service Commission of the City of Bridgeport, with copies to his union, to Mayor Ganim, to his personal attorney, and to the United States Attorney for the District of Connecticut. In that letter, the plaintiff requested public records showing test results for various civil service examinations, expressed concern that his ex-wife was being discriminated against in her employment applications because of her relationship to him and in an effort to retaliate for his exercise of First Amendment rights, accused Mayor Ganim of harassing his ex-father-in-law and attempting to cheat him of the value of his property, and mentioned his hope or belief that the Ganim Administration would in due course be "removed" from office. On January 26, 1999, defendant Rapice suspended the plaintiff, without pay, for a period of thirty (30) days because of his having written the two letters described above. Defendant Rapice further ordered that the plaintiff would never be permitted to return to work unless and until he submitted to an independent psychiatric examination and was

pronounced fit for duty by the psychiatrist.  On May 28, 1999, the Connecticut Department of Labor, after a full hearing in which the City of Bridgeport participated, ruled that in mailing the said two letters the plaintiff did not violate any reasonable employer rule and that the mailing of the letters did not constitute wilful misconduct in the course of the plaintiff's employment.  On June 3, 1999, because of the two letters described above, defendant Rapice terminated the plaintiff's municipal employment.  In the manner described above, the defendant punished the plaintiff, and retaliated against him, because of his exercise of protected First Amendment rights, specifically his right to freedom of speech and his right to petition for redress of grievances, in violation of the First Amendment to the United States Constitution.

As a direct and proximate result of the actions of the defendant described above, the plaintiff has suffered severe emotional distress and economic loss.

## 7.    DEFENDANT'S CONTENTIONS

The Defendant denies all of the essential allegations of the Plaintiff's complaint.   During all relevant times in this action, the Defendants acted reasonably and in compliance with the law with respect to the Plaintiff's employment. The Plaintiff wrote two letters to City Officials, one dated January 7,

1999 and one dated January 19, 1999. The letters contained threatening remarks and referenced "violence in the workplace" which compelled the City to suspend the Plaintiff from his employment for 30-days for violating City work polices. The City had legitimate reasons to suspend the Plaintiff because it was concerned about the Plaintiff's own personal safety and the safety of other fellow employees. In connection with his suspension, the City required the Plaintiff to undergo a psychiatric independent medical evaluation as a condition to return to employment. The Plaintiff underwent the independent medical evaluation conducted by Dr. Charles Opsahl. Dr. Opsahl diagnosed the plaintiff with paranoid and suspicious thinking, and his testing revealed impulsivity and death and violence toward others. Dr. Opsahl also found that there was the possibility of thought disorder and that the plaintiff's past and current level of impulsivity raises the questions of a propensity to lose control and attempt to harm him or others. Based on his examine and testing of the plaintiff Dr. Opsahl recommended that plaintiff engage in intensive psychiatric treatment before resuming his job duties. The City offered its Employee Assistance Program ("EAP") to the Plaintiff, and offered the Plaintiff the opportunity to seek an independent medical examination ("IME") with a doctor of his own choosing.

However, the Plaintiff refused to undergo any additional treatment, which left the City with no choice, but to terminate the Plaintiff.

The defendants moved for summary judgment, which was granted by this Court in August 2002. Thereafter, the plaintiff appealed the granting of summary judgment and the Second Circuit Court of Appeals reversed the granting of summary judgment for defendant Rapice but affirmed for the defendant Ganim and the City of Bridgeport. Therefore, the only remaining defendant in this matter is Ronald Rapice.

With respect to the remaining defendant Ron Rapice, defendant has alleged a qualified immunity defense indicating that any action he took was discretionary, objectively reasonable, consistent with clearly established law and executed in good faith with regard to existing facts and circumstances.

## 8. LEGAL ISSUES

The court may have to determine the applicability of *Pickering v. Board of Education* 391 US 563 (1986)

## 9. VOIRE DIRE QUESTIONS

**See attached**

**10    LIST OF WITNESSES**

**Plaintiff's Witnesses**

1. THE PLAINTIFF will testify concerning all the allegations of the complaint.

2. JOSEPH GANIM will testify concerning his statements and actions regarding the plaintiff, his interactions with defendant Rapice, and his corrupt and unlawful thefts from the employees and taxpayers of the City of Bridgeport.

3. DEFENDANT RAPICE will testify concerning all the allegations regarding him set forth above, concerning all his interactions with the plaintiff and with others concerning the plaintiff, and all statements and actions of defendant Ganim.

4. GEORGE STEINFELD, Ph.D., 1145 Daniels Farm Road, Trumbull, CT, will testify concerning the plaintiff's damages.

5. BRIAN WILLIAMS, 45 Lyon Terrace, Bridgeport, CT, will testify concerning the anti-employee actions of the defendants and their actions against the plaintiff.

6. ROSE MARIE HOYT, 263 Golden Hill Street, Bridgeport, CT, will testify concerning actions and statements of the plaintiff, of the defendants, and of Brian Williams.

7. ROBERT HAMMOND, 55 Congress Street, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants.

8. DANIEL SULLIVAN, 55 Congress Street, Bridgeport, CT, will testify concerning actions and statements of the plaintiff and the defendants.

9. GLORIA ZANVETTOR, 55 Congress Street, Bridgeport, CT, will testify concerning actions taken against the plaintiff by the defendants.

10. DOMINICK PETTINICHI, 3510 Main Street, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants.

11. FRANK BISOGNO, 3510 Main Street, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants.

12. STEPHEN NELSON, 3510 Main Street, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants.

13. RALPH DeNITTO, 3510 Main Street, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants.

14. MICHAEL FREDINO, 3510 Main Street, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants.

15. WILLIAM HOEY, 475 Clinton Avenue, Bridgeport, CT, will testify concerning acts and statements of the defendants and his and their efforts to set the plaintiff up with Dr. Opsahl.

16. LARRY OSBOURNE, 45 Lyon Terrace, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants.

17. LUCILLE BRUNO, 202 State Street, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants and her own interactions with them.

18. ROBERT DORTENZIO, 202 State Street, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants.

19. ERNEST AMARAL, 636 West Taft Avenue, Bridgeport, CT, will testify concerning his interactions with the plaintiff and the actions of the defendants concerning the plaintiff.

20. EVELYN AMARAL, 636 West Taft Avenue, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants.

21. JAMES PATTERSON, 252 Shelton Street, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants.

22. KATHERINE D. JOHNSON, 310 Kent Avenue, Bridgeport, CT, will testify concerning the acts of retaliation by the defendants against the plaintiff.

23. JACQUELINE A. JOHNSON, 429 Chopsey Hill Road, Bridgeport, cT, will testify concerning the plaintiff's exercise of his First Amendment rights, the defendants' retaliation against him, and the plaintiff's damages.

24. ALAN PORZELT, SR., 45 Lyon Terrace, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants and the plaintiff's damages.

25. ALAN PORZELT, JR., 45 Lyon Terrace, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants and the plaintiff's damages.

26. GAIL LEONZI, 358 Queen Street, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants and the plaintiff's damages.

27. RAYMOND LEONZI, 7 MacArthur Road, Trumbull, CT, will testify concerning the acts and statements of the plaintiff and the defendants.

28. RANSFORD SAMUELS, 45 Lyon Terrace, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff, the retaliation against the plaintiff by the defendants, and the plaintiff's damages.

29. KENNETH C. BRUNO, 110 Matthew Drive, Stratford, CT, will testify concerning the acts and statements of the plaintiff and the defendants.

30. HELEN WUERTH, 48 Amsterdam Avenue, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants.

31. JOSE RAMOS, 263 Golden Hill Road, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants and the retaliation against the plaintiff.

32. JASON SILVA, 1720 Noble Avenue, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants and the retaliation against the plaintiff.

33. MICHAEL PARLATORE, 171 Remington Street, Bridgeport, CT, will testify concerning the acts and statements of the plaintiff and the defendants, the retaliation against the plaintiff by the defendants, and the plaintiff's damages.

34. CARLA CORRIGAN, 115 Highland Avenue, Bridgeport, CT, will testify concerning the plaintiff's acts and statements.

35. DENNIS MURPHY, 45 Lyon Terrace, Bridgeport, CT, will testify concerning all the acts and statements of defendant Ganim and the policies and procedures of the defendant municipality.

36. CUSTODIAN OF RECORDS, Connecticut Department of Labor, Employment Security Division, will authenticate fact-finding records concerning the defendant's termination of the plaintiff's employment.

***Defendant's Objections to Plaintiff's Witnesses***-The Defendant raises objections with respect to the anticipated witness identified by the plaintiff. The plaintiff lists 36 witnesses and under most of the witnesses the plaintiff claims that the witness will testify about, "actions and statements of the plaintiff and the defendants." This disclosure is vague and unspecific and raises concerns to the Defendant. This is so because in the plaintiff's compliance with written discovery the plaintiff identifies all of the same witnesses identified in the Trial Memorandum and sets-forth specifically what knowledge these witnesses purportedly have. The problem with the vast majority of these witnesses is that their alleged knowledge, as outlined in plaintiff's compliance with discovery, is not relevant to the facts of the present case and should not be allowed. For example, Brian Williams

who works in the Chief Administrator's Office for the City is identified in plaintiff's responses to discovery as a person who has knowledge of the facts alleged in plaintiff's complaint. Plaintiff states that Williams has knowledge of, "Witnesses Union busting; disregarded warnings pertaining to Union contracts; abusing his authority and conspiring with Rose Marie Hoyt to utilize city buildings after hours for personal reasons." This information that Mr. Williams allegedly has is totally irrelevant to the issues in the present case and would only confuse the issues in the present case. The problem with the plaintiff's witness list as disclosed in the Trial Memorandum is that it is vague and unspecific. Moreover, if it is the intent of the plaintiff to have the witnesses testify about what plaintiff disclosed in his discovery responses then the defendant objects on the ground of relevance and because such testimony would be unduly prejudicial to the defendants. The defendant will make available to the court the plaintiff's responses to defendant's discovery.

Moreoever, the Defendant objects to the Plaintiff's disclosure of George Steinfeld, Ph.D as a witness in this case. The Plaintiff states that Dr. Steinfeld will testify concerning the Plaintiff's damages. The Plaintiff

**has never disclosed Dr. Steinfeld as an expert pursuant to the relevant Federal Rules of Civil Procedure. The Defendant has no expert disclosure report filed by the plaintiff in this matter and therefore, if the purpose of Dr. Stenfeld's testimony is to opine on plaintiff's medical condition the Defendant objects.**

**Defendant witnesses**

1.    Ronald Rapice-Labor Relations Officer
      45 Lyon Terrace
      Bridgeport, Connecticut

Mr. Rapice will testify about his interactions with the Plaintiff, including but not limited to all conversations, communications and hearings conducted by himself on behalf of the City of Bridgeport, Office of Labor Relations, and other members of the Labor Relations Office regarding Mr. Johnson's work history, his psychiatric evaluation of the Plaintiff, as well as the terms and conditions of his return to work and the events surrounding his termination. (Estimated length of testimony 2 hours) *Plaintiff objects to proposed "psychiatric evaluation" testimony as this witness has not been disclosed as an expert and cannot qualify as a psychiatric expert.*

2.    Edmund Winterbottom-Director of Labor Relations