45 Lyon Terrace
Bridgeport, Connecticut

Mr. Winterbottom will testify about his interactions with the Plaintiff, including but not limited to all conversations, communications and hearings conducted by himself on behalf of the City of Bridgeport, Office of Labor Relations, and other members of the Labor Relations Office regarding Mr. Johnson's work history, his psychiatric evaluation of the Plaintiff, as well as the terms and conditions of his return to work and the events surrounding his termination. (Estimated length of testimony-1 hour). **Plaintiff objects to proposed "psychiatric evaluation" testimony as this witness has not been disclosed as an expert and cannot qualify as a psychiatric expert.**

3. John Colligan-Personnel Director City of Bridgeport
   45 Lyon Terrace
   Bridgeport, Connecticut

Mr. Colligan will testify regarding communications received from the Plaintiff, his interaction with the Plaintiff regarding complaints filed by Plaintiff with the Civil Service Commission and/or the Personnel Director, and his own personal apprehension regarding Mr. Johnson's return to work. (Estimated length of testimony-1 hour).

4. Robert Hammond-Public Facilities

        55 Congress Street
        Bridgeport, Connecticut

Mr. Hammond will testify about his interaction with the Plaintiff in connection with disciplinary matters including the Plaintiff's suspension and ultimate termination, as well as his interaction with the Plaintiff and his daily supervision of the Plaintiff's work. (Estimated length of testimony-1 hour).

    5.    Daniel Sullivan-Public Facilities
        55 Congress Street
        Bridgeport, Connecticut

Mr. Sullivan will testify about his interaction with the Plaintiff in connection with disciplinary matters including the Plaintiff's suspension and ultimate termination, as well as his interaction with the Plaintiff and his daily supervision of the Plaintiff's work. (Estimated length of testimony-1 hour).

    7.    Hector Torres
        1038 Farmington Road
        Charleston, South Carolina 29412

Chief Torres will testify about his interaction with the Plaintiff including but not limited to Plaintiff's request for a permit to picket in front of City Hall. (Estimated length of testimony-1/2 hour).

    9. Labor Relations Officer Lawrence Osborne
       45 Lyon Terrace
       Bridgeport, CT

Mr. Osborne will testify about his interaction with the plaintiff and about an event where the plaintiff caused a minor disruption in the Labor Relations Office. (Estimated length of testimony-1/2 hour).

10. William Hoey Formerly of Family Services of Woodfield

Mr. Hoey will testify about his interaction with the plaintiff and the referral of plaintiff to Family Services of Woodfield through the City of Bridgeport's Employee Assistance Program ( Estimated length of testimony ½ hour).

11. Dr. Charles Opsahl
    Psychotherapy Associates
    27 Depot St. Suite 2
    Watertown, CT  06795

Dr. Opsahl's complete report has been disclosed and is attached hereto, and it contains a complete statement of, and the bais for, all opinions to be expressed by him. In summary the opinion of Dr. Opsahl is that plaintiff is paranoid and exhibits suspicious thinking, impulsivity, and references to death or violence towards others. Moreover, the use of symbolism and references to religious symbols suggests the possibility of

a thought disorder. Dr. Opsahl will opine that plaintiff's history and his current level of impulsivity certainly raise the question of his propensity to lose control and attempt to harm either himself or someone else. He will opine that plaintiff's irratibility, negativity and feelings of being demeaned, unappreciated and rejected by others raise the serious question of antisocial acting out and that the plaintiff does not accept responsibility for his behaviors and he has a tendency to rationalize excessively and blame his difficulties on other people. Dr. Opsahl recommended that plaintiff engage in intensive psychiatric treatment with an eye toward increasing his self-control, decreasing his impulsivity, and helping him to take responsibility for his own behaviors. Dr. Opsahl strongly recommended that plaintiff complete this treatment before resuming his standard job duties.

The basis of Dr. Opsahl's opinion is an evaluation session with the plaintiff; administration of the Minnesotal Multiphasic Personality Inventory; a Million Clinical Multiaxial Invenetory; a Sentecne Completion Test; a Rorschach Test; a Thematic Apperception Test; and a wechsler Adult Intelligence Scale II.

Dr. Opsahl relied on the above tests and associated data to render his opinion, notes, as well as the his evaluation session of the plaintiff. *Objection. This witness was not properly disclosed as an expert witness and apparently the defendant seeks to use him as such. In addition, his testimony concerning his opinions regarding the plaintiff's psychiatric condition - as distinct from simply reporting, not for its truth, whatever statements he may have made about the plaintiff to the defendant that formed a basis for the defendant's actions - are irrelevant.*

(Defendant's response- Dr.Opsahl was properly disclosed as an expert on May 15, 2001 by Attorney John Bohannon who was representing the defendants at the time. The disclosure complies with the disclosure rules for experts and it was faxed to plaintiff's attorney on May 15, 2001 and sent overnight mail via Federal Express FedEx tracking number 776-9494 to plaintiff's counsel. A copy of the disclosure will be provided to the court).

## 11. EXHIBITS

**Plaintiff's Exhibits**

1   Plaintiff's personnel file

***Objection:*** **The Defendant moves for an order precluding the Plaintiff from submitting his entire personnel file in the above referenced matter without laying proper evidentiary foundations and establishing relevance. In the Plaintiff's Trial Memorandum, Plaintiff lists as an exhibit the "Plaintiff's personnel file." It is unclear what, if any, part of the Plaintiff's personnel file is relevant to the present case. This is so because the plaintiff has not identified what portion of his personnel file he wants to submit into evidence. The Defendant wishes to preserve any objections that it has with respect to specific parts of Plaintiff's personnel file which, may not be relevant to this case or contain hearsay or violate other evidentiary rules.**

2   Plaintiff's communications to Office of United States Attorney concerning defendants

***Objection:*** **The Defendant moves to preclude any communications that Plaintiff made to the Office of the United States Attorney concerning the Defendant or any other person associated with the City of Bridgeport.**

In Plaintiff's Trial Memorandum the Plaintiff lists as an exhibit "Plaintiff's Communications to Office of the United States Attorney Concerning Defendants." This disclosure of a proposed exhibit is extremely vague and unspecific because it does not specifically identify what communications the plaintiff is referring to. The Defendant wishes to preserve any objections it has as to any specific communications that the Plaintiff may have made to the Office of the United States Attorney because, said communications may not be relevant to the present matter and may contain inadmissible hearsay and may violate other evidentiary rules.

Additionally, it is anticipated that the plaintiff will attempt to refer to or submit evidence about the conviction of former Mayor Joseph Ganim. It is submitted to this court that the plaintiff should be precluded from doing so because Ganim is no longer a defendant in this matter by virtue of the fact that summary judgment was entered on his behalf. Such evidence is clearly irrelevant to the facts of this case and specifically the claims against Rapice, the only remaining defendant.

    3    Newspaper articles quoting plaintiff

*Objection:* The Defendant moves to preclude any newspaper articles quoting Plaintiff. In the Plaintiff's Trial Memorandum Plaintiff identifies as a possible exhibit "newspaper articles quoting Plaintiff." This disclosure is unspecific and it is unclear what newspaper articles the Plaintiff is referring to. Moreover, the articles themselves may not be relevant to the facts of this present case and may contain inadmissible hearsay and violate other evidentiary rules. There is no claim in plaintiff's complaint that he was terminated from his position because of quotes that he made in newspaper articles. The allegations of the complaint specifically claim that plaintiff was suspended and terminated from his job because of the January 7, and 19, 1999 letters written by the plaintiff. Therefore, the Defendant moves that any newspaper articles being offered by the Plaintiff be precluded in this case unless the plaintiff can explain why said articles are relevant and why the articles do not violate evidentiary rules such as hearsay.

    4    Plaintiff's Unemployment Compensation file

*Objection:* The Defendant moves to preclude Plaintiff's unemployment compensation file from coming into evidence. In Plaintiff's Trial Memorandum the Plaintiff lists as a possible exhibit "Plaintiff's

Unemployment Compensation File." It is submitted to this Court that the Plaintiff's unemployment compensation file is not relevant to the allegations in Plaintiff's complaint and contains inadmissible hearsay. Upon information and belief the Plaintiff's unemployment compensation file addresses the issue as to whether or not the Plaintiff was entitled to unemployment benefits after he was terminated. This is not a relevant issue in the present case. Upon information and belief, the plaintiff wants to offer this file because at one stage in the administrative unemployment compensation process, it was ruled that the plaintiff could collect unemployment compensation benefits because the plaintiff did not target or threaten a particular individual and therefore, the plaintiff did not engage in willful misconduct. This preliminary ruling was reversed on appeal at the administrative level. What occurred at the unemployment compensations hearings has nothing to do with the issues in the present case, which involve §1983 claims and whether or not the defendant violated plaintiff's First Amendment rights. Simply put, there is no justifiable reason why the unemployment file is remotely relevant to the facts of this case and the file would contain hearsay.

5     Letter from plaintiff to defendants dated January 7, 1999

6     Letter from plaintiff to Bridgeport Civil Service Commission dated 1/19/99

7     Report of Dr. Steinfeld. This report shows that the plaintiff does not suffer from any psychological pathology and has conducted himself in a manner consistent with good mental health.

***Objection:*** **The Defendant objects to any report from George Steinfeld, Ph.D. from being admitted as an exhibit. The Plaintiff has never disclosed Dr. Steinfeld as an expert pursuant to the relevant Federal Rules of Civil Procedure. The Defendants have no expert disclosure report filed by the plaintiff in this matter and therefore, if the purpose of the report is to offer evidence on plaintiff's medical condition the Defendant objects. The report also should be precluded from being entered into evidence because of hearsay problems.**

### Defendant Exhibits

1.     The Plaintiff's Complaint.

2. Plaintiff's Compliance with Defendant's Interrogatory and Production Requests dated June 25, 2001.

3. Dr. Charles Opsahl's medical report dated March 25, 1999. This report sets forth Dr. Opsahl's examination and findings with respect to the independent medical examination performed by Dr. Opsahl on the plaintiff.

5. January 26, 1999 letter from Labor Relations Officer Ronald Rapice to Plaintiff. RE: Suspension and request to undergo EAP assistance and IME.

6. April 22, 1999 letter from Ronald Rapice to Dominic Pettinichi NAGE Assistant Director RE: Johnson suspension; status of EAP treatment and Johnson's refusal to cooperate.

7. May 11, 1999 letter from Ronald Rapice to Dominic Pettinichi NAGE Assistant Director RE: Johnson suspension; status of EAP treatment and Johnson's refusal to cooperate.

8. June 3, 1999 letter from Labor Relations Officer, Ronald Rapice to Plaintiff. RE: Termination letter which references plaintiff's refusal to seek EAP assistance and references the many opportunities the City gave plaintiff to comply with the City's request including the

assignment of a new EAP counselor and an IME conducted by a doctor of plaintiff's choice.

9. Letter from Plaintiff to Defendants dated January 7, 1999, which references violence in the workplace.

10. Letter to Civil Service Commission from Plaintiff dated January 19, 1999.

11. The Collective Bargaining Agreement between NAGE and the City of Bridgeport which identifies the rights of union members and the City concerning discipline in the workplace.

12. The City of Bridgeport Work Rules and Regulations Policy.

13. Letter from Daniel Sullivan to Edmund Winterbottom dated March 23, 1998 RE: Todd Johnson with enclosed letters concerning conduct of plaintiff and concerns from fellow employees who felt threatened and scared because of plaintiff's conduct. The enclosed letters are:

   a. Lettter to John Marsillio from anonymous employee RE: Todd Johnson

   **[Plaintiff objects if offered for the truth of its contents, on the ground that it constitutes hearsay.]**

b. Letter to Daniel Sullivan from anonymous employee RE: Todd Johnson

**[Plaintiff objects if offered for the truth of its contents, on the ground that it constitutes hearsay.]**

c. Letter to Director of Labor Relations Edmund Winterbottom from City Hall Employees RE: Todd Johnson.

**[Plaintiff objects if offered for the truth of its contents, on the ground that it constitutes hearsay.]**
**[Plaintiff also demands production of the entire file at the trial and reserves the right to offer other portions thereof for completeness.]**
**(Defendant's response-the defendant has no ideal what "file" plaintiff is referring to here. Assuming that the file means the plaintiff's personnel file, plaintiff already has it by virtue of the fact that he lists it as an exhibit in this case).**

      d. February 14, 1995 letter from Johnson to Sullivan and Hammond RE: work issues.

14. Letter from Johnson to Colligan dated December 1, 1998 demanding to appear before Civil Service Commission.

15. Letter from Johnson to "To whom it may concern" dated September 25, 1998 NAGE hearing.

16. March 26, 1998 letter from Hammond to Johnson RE: suspension.

17. January 5, 1998 letter to Johnson from Hammond Re suspension.

18. June 16, 1998 letter from Hammond to Johnson RE: Written Warning.

13. Letter from Todd Johnson to Ned Winterbottom dated February 18, 1998

## 12. DEPOSITION TESTIMONY

**Plaintiff**-the plaintiff will not offer deposition testimony unless necessary to supplement any such testimony offered by the defendant.

**Defendant**-At this time the defendant does not have deposition testimony but this may change.

## 13. REQUESTS FOR JURY INSTRUCTIONS

Attached

**14. ANTICIPATED EVIDENTIARY PROBLEMS**

**15. PROPOSED FINDINGS AND CONCLUSIONS**

Not applicable

**16. TRIAL TIME**

4 days

**17. FURTHER PROCEEDINGS**

Not applicable

**18. ELECTION OF MAGISTRATE JUDGE**

Parties have agreed to have matter tried by magistrate judge.

THE PLAINTIFF

BY_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street, Suite 409
New Haven, CT 06510
(203) 562-9931
Fax: (203) 776-9494
E-Mail: jrw@johnrwilliams.com

THE DEFENDANT

BY: /s/
John R. Mitola
Associate City Attorney
Office Of The City Attorney
999 Broad Street
Bridgeport, Connecticut 06604
Telephone No.: (203) 576-7647
CT FED BAR NO.: 04017

## CERTIFICATION

This is to certify that on this date June 2, 2005 the undersigned counsel will by trying this matter and that the joint trial memorandum is a product of consultation between the undersigned counsel.

John R. Williams for plaintiff

John R. Mitola for the defendant.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TODD JOHNSON | : | CIVIL ACTION NO: |
| Plaintiff, | : | 3:00CV1556 (DJS) |
| vs. | : | |
| | : | |
| JOSEPH GANIM, ET AL. | : | |
| Defendants. | : | June 2, 2005 |

## NOTICE OF MANUAL FILING

Please take notice that the Defendants have manually filed the following documents:

1. PARTIES JOINT TRIAL MEMORANDUM;
2. DEFENDANT VOIR DIRE QUESTION;
3. DEFENDANTS' PROPOSED REQUEST TO CHARGE; AND
4. PROPOSED VERDICT FORM JUROR INTERROGATORIES FILED BY DEFENDANT.

These documents have not been filed electronically because:

☒ the documents cannot be converted to an electronic format
☐ the electronic file size of the document exceeds 1.5 megabytes
☐ the document is filed under seal pursuant to Local Rule of Civil Procedure 5(d) or Local Rule of Criminal Procedure 57(b)
☐ Defendant is excused from filing this document y Court order
The documents have been manually served on all parties.

THE DEFENDANTS

BY: _____
John R. Mitola
Associate City Attorney
Office Of The City Attorney
999 Broad Street
Bridgeport, Connecticut 06604
Telephone No.: (203) 576-7647
CT FED BAR NO.: 04017

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 24th day of March, 2005, to: John R. Williams, Esq., 51 Elm Street, New Haven, CT 06510.

John R. Mitola
Commissioner of the Superior Court

2