

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| TODD M. JOHNSON, SR. | : NO. 300CV01566 (DJS) |
| V. | : |
| JOSEPH GANIM, RONALD RAPICE AND CITY OF BRIDGEPORT | : MAY 31, 2005 |
| | : |

### DEFENDANTS' PROPOSED REQUEST TO CHARGE

**I. 42 U.S.C. § 1983 Claim**

1. Section 1983 provides a plaintiff with a cause of action when he has been deprived of a federal right under color of state law. The statute states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Authority: 29 U.S.C. § 1983.

1

## II. Essential Elements of 1983 Claim

1. In order for the plaintiff to be successful in its claim against the defendant the plaintiff must prove to you by a fair preponderance of the evidence 5 elements, which I will explain to you in a moment. If the plaintiff fails to prove anyone of these elements, then you must find for the defendant.

2. Before I instruct you on the 5 elements of a 1983 claim you need to know that in this case there is one defendant Ronald Rapice. Although the case caption indicates that Joseph Ganim and the City of Bridgeport are defendants they are not defendants in this case.

3. Again, in order for the plaintiff to be successful in this case, he must prove the 5 elements of a 1983 claim by a fair preponderance of the evidence. The 5 elements are the following:

    a. That the conduct complained of was committed by a person acting under color of state law;

    b. That the speech at issue was constitutionally protected;

    c. That the plaintiff suffered an adverse employment decision;

    d. A causal connection exists between plaintiffs speech and the adverse employment determination against him so that it can be said that his speech was a motivating factor in the determination;

    e. That the actions of the defendant in question, which caused the alleged loss, were intentional and/or reckless.

        Authority: *Authority Parratt v. Taylor* 451 US 527 (1981); *Morris v. Lindau,* 196 F.3d. 102 (2nd Cir. 1999)

        *Eagleston v. Guido* 41 F. 3d 865 (2nd Cir. 1994)

4. If plaintiff fails to prove any one of the above elements by a fair preponderance of the evidence you must return a verdict for the defendant Rapice. I will now instruct you on each of these 5 elements.

### III. Element One-Under Color of Law

1. Acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. In the present case there is no issue that the

individual defendant Ronald Rapice was acting under the color of state law. Therefore, you need not consider this element.

Authority: *Model Jury Instructions (Civil) Ninth Circuit* § 11.1.1 (1997).

### IV. Element Two-Speech was Constitutionally Protected

1. The second element the plaintiff must prove by a fair preponderance of the evidence is that the speech at issue was constitutionally protected. In this case I am instructing you that the speech at issue, the letter, is protected speech under the First Amendment.

*Johnson v. Ganim, et al* 342 F. 3d 105 (2nd Cir. 2003)

### V. Element Three Adverse Employment Decision

1. In this matter the plaintiff claims that he was suspended from his employment and then terminated because of the speech at issue. There is no question that the plaintiff was in fact suspended and terminated from his job and suffered an adverse employment action. However, at issue in

this case is whether that suspension and termination was because of the letter that plaintiff wrote.

## VI. Element Four-Proximate Cause-Causation

1. As I instructed you above the plaintiff must prove that a casual connection exists between his speech and the adverse employment determination against him, so that it can be said that his speech was a motivating factor in the determination.

2. Specifically, the plaintiff claims that the defendant Rapice retaliated against him by suspending him from his employment and then terminating him from his employment because he exercised his free speech rights which in this case is the January 7, 1999 letter. Plaintiff claims that the exercising of his free speech rights was the motivating factor in suspending him from his job and then terminating him. The defendant denies that the free speech was the motivating factor.

3. The term "motivating factor" means a consideration that moved defendant toward his decision. To prove that plaintiff's claimed exercise of his First

Amendment right was a motivating factor in the defendant's decisions to suspend the plaintiff from his employment and eventual termination from his employment, the plaintiff must prove that the exercising of his free speech rights was a substantial consideration that made a difference in or influenced the defendant's' decision. In other words, were the actions of Rapice taken because of an "impermissible reason?" The plaintiff may establish this in several ways. One way is to prove by a preponderance of the evidence temporal proximity between the protected speech and the retaliatory conduct. Another way is to show direct evidence of retaliation by the defendants. If you find that the defendant Rapice took action for many different reasons, then you must determine whether or not one of those reasons was the plaintiff's speech and that he took said action for impermissible reasons. The defendant denies that the action he took was for impermissible reasons and was not done to retaliate against the plaintiff for exercising his free speech rights but was done for legitimate reasons.

4. In this area, the defendant must prevail if they show that they would have taken the same adverse employment action even in the absence of the

plaintiff's protected speech. In other words, if the defendant had a legitimate reason for suspending the plaintiff from his employment and then terminating him, you must find for the defendant in this matter. Authority: *Model Jury Instructions* (Civil) Fifth Circuit δ10.4 (1999); <u>Nevas, J. Salma Ikram v. Waterbury Board of Education, et, al</u> No. 3:95C02478 (ANH) February 18, 1997. <u>Greenwich Citizens Committee, Inc. v. Counties or Warren & Washington Industrial Development Agency</u> 77 F. 3d 26 (2nd Cir. 1996).

5. The plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the defendant was a cause-in-fact of the damage plaintiff suffered. An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. The plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the defendant was a proximate cause of the damage plaintiff suffered. An act or omission is a proximate cause of the plaintiff's injuries or damages if it appears from the evidence

that the injury or damage was a reasonably foreseeable consequence of the act or omission.

Authority: *Model Jury Instructions (Civil) Fifth Circuit* § 10.4 (1999).

<u>Grivhan v. Western Line Consolodated School District</u> 439 U.S. 410 (1979)

<u>Gierlinger v. Gleason</u> 160 F.3rd 858 (2nd Cir. 1998)

## VII. **Element Five-Intentional Conduct**

1. The plaintiff must also prove by the preponderance of the evidence that the defendant acted intentionally or recklessly in order to prove a 1983 claim and that the defendant Rapice intentional acts violated the plaintiff's rights.

2. An act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. Also, the plaintiff can recover against the defendant if he proves that the defendant acted recklessly. An act is reckless if it is done in conscious disregard of its know probable consequences.

3. In this area, in determining intentional conduct or reckless behavior you should remember that while witnesses may see and hear and be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

4. Finally, as I have instructed you, the plaintiff must prove intentional or reckless conduct. If the acts of the defendants were merely negligent then even if the plaintiff suffered injuries as a result of the acts, you must still find for the defendant.

Authority:

Daniels v. Williams 474 U.S. 327 (1986)

Davisdon v. Cannon 474 U.S. 344 (1986)

Wilson v. Seitzer 501 U.S. 294 (1991);

City of Canton v. Harris, 489 U.S. 378 (1989).

VIII. **Pickering Balancing Test**

1. If you find that the plaintiff has proven the above elements as I have instructed you then you still must make some additional determinations. Under the law a governmental employer may take an adverse employment action against a public employee for speech on matters of public concern if: 1. The employer's prediction of the disruption that such speech will cause is reasonable; 2. The potential for disruption outweighs the value of the speech; and 3. The employer took the adverse employment action not in retaliation for the employee's speech but because of the potential for disruption.

2. Determining the above factors is a mixed question of fact and law and I will give you special interrogatories on this issue.

   <u>Gorman-Bakos, et al v. Cornell Cooperative Extension of Schenectady County et al</u> 252 F. 3d 545 (2nd Cir. 2001); <u>Johnson v. Ganim, et al</u> 342 F. 3d 105 (2nd Cir. 2003)

IX. **Qualified Immunity**

1. In this matter, the defendant has alleged a special defense based upon the legal doctrine know as qualified immunity. If you find that the

individual defendant Rapice is liable to the plaintiff, then you must consider whether that defendant is shielded from such liability on that claim because of the doctrine of qualified immunity. Public officers, such as the defendant, are shielded from liability for civil damages when performing discretionary duties or functions insofar as their conduct does not violate any clearly established statutory or constitutional rights of which a reasonable person would have known, or insofar as it was objectively reasonable for them to believe that their acts did not violate such clearly established rights. In the context of this case, to establish the defense of qualified immunity, a defendant must demonstrate, by a preponderance of the evidence, that it was objectively reasonable for him to believe that his actions did not violate any clearly established right of the plaintiff- in other words, that a reasonable public official in the defendant's situation would believe his conduct to be lawful.

2. If you find that plaintiff's right to free speech was violated by the defendant, but you also find that public officials of reasonable competence could disagree as to whether the defendant's actions

violated the plaintiff's right to be free from retaliation for exercising his free speech rights, then that defendant is entitled to qualified immunity on that claim and is not liable to the plaintiff on the claim.

Authority: Thompson, J *Laws v. Torres, et, al* No. 3:95CV00035(AWT) October 5, 2001.

## X. **Damages**

1. If you find that the defendant is liable to the plaintiff, you must then consider the issue of damages. In this regard, please note that the mere fact that I instruct you on damages does not mean that you should award damages, or that I have any opinion as to whether you should award damages.

2. There are three kinds of damages that can be awarded in a case of this type: compensatory damages, nominal damages and punitive damages.

### **Compensatory Damages**

3. Compensatory damages are intended to make a plaintiff whole, that is, to fairly and justly compensate him or her for any injury he or she sustained as a direct result of the responsible party's unlawful actions.

4. A plaintiff is entitled to compensatory damages only for injuries caused by unlawful acts. Damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

5. Among the elements of injury or loss for which compensation may be awarded are:

> (1)  Physical harm to the plaintiff, including any pain or injury the plaintiff suffered; and
>
> (2)  Emotional harm to the plaintiff, including emotional distress, pain, suffering, personal indignity, fear, anxiety, or anguish the plaintiff suffered.

You may not, however, award as a component of damages any sum intended to cover the attorneys' fees that may have been incurred by the plaintiff in this lawsuit. This issue will be dealt with, if necessary, in a separate proceeding.

6. The damages you award should be proportional to the actual loss sustained and should not result in double recovery with respect to any one item of damage.

### **Nominal Damages**

7. If, after considering all the evidence presented, you find that the defendant violated the plaintiff's rights under the United States Constitution, but that the plaintiff suffered no injury as a result of the violation, you must award the

plaintiff "nominal damages." Nominal damages are awarded in recognition of the fact that a person's constitutional rights have been violated. You should award nominal damages if you conclude that the plaintiff suffered a deprivation of his rights without any resulting injury or damage.

8. You may not award both nominal and compensatory damages to the plaintiff. Either the plaintiff suffered injuries that were legally caused by the defendants, in which case you must award compensatory damages, or he did not suffer any injuries, in which case you must award nominal damages, i.e., one dollar.

**Punitive Damages**

9. If you award the plaintiff compensatory or nominal damages in this case, you may also make a separate and additional award of punitive damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct and to deter a defendant and others like him or her from engaging in such conduct in the future.

10. You may award the plaintiff punitive damages against a defendant if you find that that defendant acted maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite toward the injured

person or by some improper motive. An act or failure to act is wanton if done in reckless or callous disregard of, or indifference to, the rights of the injured person. The plaintiff has the burden of proving, by preponderance of the evidence that the defendant in question acted maliciously or wantonly with regard to the plaintiff's rights. An intent to injure exists when a defendant has a conscious desire to injure a plaintiff in a manner he or she knows to be unlawful. A conscious desire to perform the physical acts that caused a plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that a defendant has a conscious desire to violate rights or injure a plaintiff unlawfully.

11. If you find by a preponderance of the evidence that a defendant acted with malicious intent to violate the plaintiff's rights or unlawfully injure him, or if you find that that defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages against that defendant.

12. You should keep in mind that an award of punitive damages is discretionary. That is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or

you may decide not to award them. Whether to award punitive damages and, if so, the amount of punitive damages, are issues entrusted to your sound judgment and discretion. In exercising this judgment and discretion, you are to act reasonably and without bias or prejudice.

13. Please note that, at this point in the proceedings, you are only asked to consider whether the plaintiff is entitled to punitive damages; not the specific amount of any such damages. If you do decide to award the plaintiff punitive damages, after you return your verdict, we will have a separate, brief proceeding at which you will hear more evidence and decide on the amount of punitive damages to be awarded.

Authority: Thompson, J *Laws v. Torres, et, al* No. 3:95CV00035(AWT) October 5, 2001.

The Defendant

BY: /s/
John R. Mitola
Associate City Attorney
999 Broad Street
Bridgeport, CT 06604
Tel. 203-576-7647
CT Fed. Bar. No. CT 04017

## CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing was mailed, postage prepaid to Attorney John R. Williams, June 2, 2005

_____
John R. Mitola