UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TODD M. JOHNSON, SR. | : | |
| | : | |
| VS. | : | NO. 3:00CV1556(DFM) |
| | : | |
| RONALD RAPICE | : | JUNE 2, 2005 |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S REQUESTS TO CHARGE**

***Defense Request II(2)***: The case caption should be corrected to reflect that Rapice is the only defendant. Explaining to the jury the actions taken by the court regarding other defendants would be improper, confusing and prejudicial.

***Defense Request V***: It is not correct to say that an issue in the case "is whether that suspension and termination was because of the letter that plaintiff wrote." Rather, the issue is whether the letter was *a motivating factor* in the adverse employment action.[1]

***Defense Request VI***: This request is confused and confusing. It mixes correct statements of the law with incorrect statements on the same point, for example, at several points noting that the impermissible motive need only be "a substantial factor" in the termination decision but at other points suggesting that

---

[1] The correct term is "adverse employment action" not "decision" or "determination".

1

it must be "the motive" and so forth. Repeatedly, the proposed instruction follows a statement of law with a repetition of the defendant's factual argument – an improper formulation of a jury charge. The final sentence in subparagraph (4) is inaccurate, because even if there were a legitimate reason for the termination, the ultimate issue remains whether the impermissible reason was a motivating factor. The fact that the defendant may have had both a legitimate and an illegitimate reason is not alone sufficient to defeat the plaintiff's case. If the unlawful reason was a motivating factor in the termination, then the defendant can escape liability only if he carries the burden of showing that he would have terminated the plaintiff anyway even had the unlawful reason not been present.

**_Defense Request VIII_**: The request for a *Pickering* charge is inappropriate because the defendant has not pled it as an affirmative defense. Moreover, the defendant's allegations do not even purport to be in the nature of a *Pickering* defense. Moreover, even if the issue were in this case and an appropriate subject for jury interrogatories, it would not be appropriate to tell the jury the reason it is being asked those questions.

**_Defense Request IX_**: It is not proper to charge a jury on the qualified immunity defense in the Second Circuit. Cowan ex rel. Estate of Cooper v. Breen, 352 F.3d 756, 764, 765 (2nd Cir. 2003); Stephenson v. Doe, 332 F.3d 68,

78-81 (2nd Cir. 2003); Warren v. Dwyer, 906 F.2d 70 (2nd Cir. 1990).

**Defense Request X(13)**: There is no authority for bifurcating the assessment of punitive damages and no motion for such bifurcation has been made.

THE PLAINTIFF

BY:_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203/562-9931
FAX: 203/776-9494
E-Mail: jrw@johnrwilliams.com
His Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was transmitted to John R. Mitola, Esq., Office of the City Attorney, 999 Broad Street, Bridgeport, CT 06604 [mitolj0@ci.bridgeport.ct.us].

_____
JOHN R. WILLIAMS