**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| TODD M. JOHNSON, SR. | : | |
| | : | |
| V. | : | NO. 3:00CV01556 (DFM) |
| | : | |
| RON RAPICE | : | JUNE 2, 2005 |

**PLAINTIFF'S REQUESTS TO CHARGE**

The plaintiff respectfully requests the Court to charge the jury as follows:

1.  The plaintiff has brought this lawsuit to obtain redress for what he contends were violations of his rights under the United States Constitution, specifically his right to be free from retaliation in his employment as a city employee for having exercised his right to freedom of speech.  Federal law provides that any individual may seek redress in this Court, by way of money damages, against any person or persons who, under color of State law, deprive that individual of any of his constitutional rights.  "Acting under color of law" means "under pretense of law," and simply means acting in one's capacity as, in this case, an official of the City of Bridgeport.  In this case, the plaintiff has satisfied his burden of proving that the defendant was acting under color of law, so you need not concern yourselves with that issue.  [Monroe v. Pape, 365 U.S. 167 (1961); Pitchell v. Callan, 13 F.3d 545 (2d Cir. 1994); Conner v. Donnelly, 42 F.3d 220 (4th Cir. 1994); Stengel v. Belcher, 522 F.2d 438, 441 (6th Cir. 1975).]

2.  It is not necessary to find that the defendant had any specific intent to deprive the plaintiff of his civil rights in order to find in favor of the plaintiff.  The plaintiff is entitled to win this case if the defendant intended the actions which resulted in the violation of the plaintiff's rights or if the defendant acted in reckless disregard of the plaintiff's rights.  Reckless disregard of the plaintiff's rights simply means not caring whether or not those rights were being violated.  [Merriwether v. Coughlin, 879 F.2d 1037 (2d Cir. 1989); Bordanaro v. McLeod, 871 F.2d 1151, 1164 (1st Cir. 1989); Stengel v. Belcher, 522 F.2d 438 (6th Cir. 1975); Gregory v. City of Rogers, 921 F.2d 750, 755-57 (8th Cir. 1990) (Timbers, J.); Wood v. Ostrander, 879 F.2d 583 (9th Cir. 1989); Caballero v. City of Concord, 956 F.2d 204 (9th Cir. 1992); Presnick v. Santoro, 832 F. Supp. 521, 528 (D. Conn. 1993) (Cabranes, J.).]

3.  (a)  The plaintiff alleges that while he was a public employee working for the City of Bridgeport, the defendant retaliated against him for exercising his right to freedom of speech under the First Amendment to the Constitution of the United States.  To prevail on a claim such as this, the plaintiff must first establish what is called a prima facie case.  To establish a prima facie case of retaliation the plaintiff must show by a preponderance of the evidence (1) that he was engaged in protected speech under the First Amendment, (2) that the defendant was aware of the plaintiff's protected speech, (3) that the defendant took retaliatory action against the plaintiff based on his protected speech and (4) a causal connection between the plaintiff's protected speech and the retaliatory action.

3. (b) To establish the first element of his prima facie case the plaintiff must establish that his acts of speech were protected by the Free Speech Clause of the First Amendment. This question is a question of law, and is not a question for you to consider. I instruct you that the plaintiff's speech in this case was protected speech.

3. (c) To satisfy the second element of his prima facie case the plaintiff must demonstrate that the defendant was aware of the plaintiff's exercise of protected speech.

3. (d) The third element of the plaintiff's prima facie case of retaliation is that the defendant took action against him in retaliation for his protected speech. That is, the plaintiff must demonstrate that the defendant's conduct affected the terms, privileges, duration or conditions of his employment.

3. (e) As to the fourth element, causation, the plaintiff must establish that his exercise of protected speech was a substantial or motivating factor in the defendant's action. That is, that the plaintiff's protected speech played a substantial or motivating part in the defendant's retaliatory action. The plaintiff may establish causation in several ways. One way is to show temporal proximity between the protected speech and the retaliatory action. Another way is to show direct evidence of retaliatory animus. The defendant may have taken the alleged action for one sole reason. If that one sole reason was the plaintiff's speech, then you must find that the plaintiff's protected speech was a substantial or motivating factor in the defendant's actions. The defendant may have taken action for many different reasons. If so, then you must

determine whether one of those reasons was the plaintiff's speech.  If it was one of those reasons, then you must determine whether it was a substantial or motivating factor in the retaliatory action against the plaintiff.  If it did play a substantial or motivating part, then you must find that the plaintiff's protected speech was a substantial or motivating factor in the defendants' action.  If you find that the plaintiff established all four elements of the prima facie case then he has proven an inference of retaliation.  You must then consider whether the defendant has demonstrated that a legitimate nondiscriminatory reason existed for his actions.

3.  (f)  The defendant presents an adequate defense to the plaintiff's case if he shows, by a preponderance of the evidence, that he would have taken the same adverse employment action even in the absence of the plaintiff's protected speech.  In other words, the defendant must show by a preponderance of the evidence that the same action would have been taken without considering the plaintiff's protected speech. If the defendant shows by a preponderance of the evidence that the same action would have been taken without considering the plaintiff's protected speech, then you must find in favor of the defendant.  The defendant does not establish an adequate defense merely by showing that he had other, valid reasons for taking action against the plaintiff. It is a defense only if the defendant establishes that he would have acted on those other reasons in the absence of the plaintiff's protected speech.  Therefore, if the defendant offers other, valid reasons for taking action against the plaintiff, the defendant must further show that he would have acted on those reasons.  Otherwise,

4

the defendant has not presented an adequate defense.  If you find that the defendant has demonstrated a legitimate, nondiscriminatory reason or reasons for his action, then you must consider whether the plaintiff has proven that the defendant's articulated reason or reasons were a mere pretext.

3.  (g)  The plaintiff must prove, through either direct or indirect evidence, that the defendant's articulated reason was not the true reason for his actions but is only a pretext or excuse for taking the alleged retaliatory action against the plaintiff and that the defendant's action was prompted by the plaintiff's protected speech.  The plaintiff can prove that the defendant's stated reason for his action is a pretext by persuading you that his reason or reasons are just not believable.  However, it is not enough for the plaintiff simply to prove that the defendant's stated reason for his actions was not the true reason.  Even if you decide that the defendant did not truly rely on the stated reason or reasons for his actions, you cannot decide in the plaintiff's favor without evidence that the defendant relied instead on the plaintiff's protected speech.  In other words, the defendant may not be held liable if you find that he would have taken the same actions based on a legitimate reason alone.  [**AUTHORITY**:  Nevas, J., in <u>Salma Ikram v. Waterbury Board of Education, et al.</u>, No. 3:95C02478(AHN), February 18, 1997.]

4.  If you find that the defendant is liable to the plaintiff on any of the grounds advanced in this lawsuit, you should then consider the question of damages.  There are essentially two kinds of damages which can be awarded in a lawsuit -- compensatory

damages and punitive damages.  Compensatory damages are designed to compensate the plaintiff for injuries suffered by the plaintiff.  These injuries include money actually spent or debts incurred as a result of the injury, as well as emotional anguish, impairment of reputation, personal humiliation, and other suffering.  In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendant.  Among the elements of injury and harm for which compensation may be awarded are: Lost earnings and the emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future.  To support an award of monetary damages, you must find that actual loss was proximately caused by the constitutional violation.  Actual loss, however, is not limited to expenses or debts incurred or wages lost.  Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation.  You should award damages in such a case to the extent that the loss or injury can be reasonably quantifiable and not simply on the basis of the inherent value of the rights violated.  The damages you award should be proportional to the actual loss sustained, whether that loss is physical or mental or emotional or one of the other types of loss I have previously discussed with you.  [Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Wheatley

6

v. Beetar, 637 F.2d 863, 865-68 (2d Cir. 1981); Ellis v. Blum, 643 F.2d 68, 82-84 (2d Cir. 1981); Walters v. City of Atlanta, 803 F.2d 1135 (11th Cir. 1986); Johnson v. Franklin, 112 Conn. 228, 229, 152 Atl. 64 (1930); Childs v. Bainer, 35 Conn. App. 301, 304 (1994); Creem v. Cicero, 12 Conn. App. 607, 611, 533 A.2d 234 (1987); Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A.2d 443 (1992).]

    5.  You may also decide whether the plaintiff is entitled to the award of any punitive damages.  In a case like this one, you may consider whether acts or omissions of the defendant, if you find them to have been proved, were so serious that the defendant should pay a penalty so that in the future others will be deterred from engaging in the same conduct.  Whether you decide to award any punitive damages should be based on whether you find that the defendant engaged in any one of the following things:

    1)  Willful or malicious violation of the constitutional rights of the plaintiff;

    2)  Any intentional act by the defendant in gross disregard of the rights of the plaintiff;

    3)  Reckless disregard by the defendant of whether or not he was violating the rights of the plaintiff.

If you find any one of these three things to have been proven, then you should award punitive damages.  [Smith v. Wade, 461 U.S. 30 (1983); Stolberg v. Board of Trustees, 474 F.2d 489 (2d Cir. 1973); McFadden v. Sanchez, 710 F.2d 907 (2d Cir. 1983); Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1989); Larez v. City of Los Angeles,

946 F.2d 630, 648-49 (9th Cir. 1991); <u>Wright v. Sheppard</u>, 919 F.2d 665, 670-73 (11th Cir. 1990).]

6.  The purpose of punitive damages awards is both punishment and deterrence, and in deciding whether to award punitive damages and, if so, fixing the amount of such damages, the jury acts as the conscience of the community.  In fixing the amount of punitive damages, it is appropriate for the jury to consider all of the same factors which a trial judge would consider in imposing sentence in a criminal case. These factors include the behavior of the defendant at trial and his or her apparent lack of genuine repentance for the misconduct in question, if you find such to be the case. [<u>Hall v. Ochs</u>, 817 F.2d 920 (1st Cir. 1987); <u>Rowlett v. Anheuser-Busch, Inc.</u>, 832 F.2d 194 (1st Cir. 1987); <u>O'Neill v. Krzeminski</u>, 839 F.2d 9 (2d Cir. 1988); <u>Zarcone v. Perry</u>, 572 F.2d 52 (2d Cir. 1978).]

7.  When two or more persons unite in an act which constitutes a wrong to another, intending at the time to commit it, or performing it under circumstances which fairly charge them with intending the consequences which follow, they incur a joint and several liability for the acts of each and all of the joint participants.  The law does not require the injured party to establish how much of the injury was done by one person and how much of the injury was done by another.  Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the plaintiff in a total sum as damages.  All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify

and adopt his acts for their benefit, are equally liable with him.  Express agreement is not necessary, and all that is required is that there should be a common design or understanding, even though it be a tacit one.  [Prosser, Law of Torts, Section 46, pp. 291-95 (4th Ed. 1971); Gagnon v. Ball, 696 F.2d 17 (2d Cir. 1982).]

       8.  Conduct of a defendant, including statements knowingly made and acts knowingly done after an allegedly wrongful act, may be considered by the jury in the light of all other evidence in the case in determining whether or not the defendant has acted wrongfully.  When a defendant voluntarily and intentionally offers an explanation, or makes some statement tending to show his innocence, and this explanation or statement is later shown to be false, the jury may consider whether this circumstantial evidence points to a consciousness of wrongdoing.  Ordinarily, it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.  Whether or not evidence as to a defendant's voluntary explanation or statement points to a consciousness of wrongdoing or a consciousness of guilt, and the significance to be attached to any such evidence, are matters exclusively within the province of the jury.  A statement or act is "knowingly" done, it made or done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.   [Fernandez v. Fitzgerald, 711 F.2d 485 (2d Cir. 1983); United States v. McDougald, 650 F.2d 532 (4th Cir. 1982); Government of Virgin Islands v. Testamark, 570 F.2d 1162 (3d Cir 1978); United States v. Barresi, 601 F.2d 193 (5th Cir. 1979); United States v. Wood, 550 F.2d 435 (9th Cir. 1976);

Opper v. United States, 348 U.S. 84, 92 (1954); Wilson v. United States, 162 U.S. 613,

620-21 (1896); United States v. DeAlesandro, 361 F.2d 694, 697-98 (2d Cir. 1966),

cert. denied, 385 U.S. 842 (1967).]


THE PLAINTIFF


BY_____
            JOHN R. WILLIAMS (ct00215)
            51 Elm Street, Suite 409
            New Haven, CT 06510
            (203) 562-9931
            Fax: (203) 776-9494
            E-Mail: jrw@johnrwilliams.com
            His Attorney


**CERTIFICATION OF SERVICE**

On the date above stated, a copy hereof was transmitted to John Mitola, Esq.,
Office of the City Attorney, 999 Broad Street, 2nd Floor, Bridgeport, CT 06604.


                                  _____
                                  JOHN R. WILLIAMS