UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TODD M. JOHNSON, SR. | : | |
| | : | |
| VS. | : | NO. 3:00CV1556(DFM) |
| | : | |
| RONALD RAPICE | : | JUNE 2, 2005 |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED
VERDICT FORM AND JUROR INTERROGATORIES**

The plaintiff objects to the defendant's proposed verdict form and interrogatories in the following respects:

1. The question whether the plaintiff suffered an adverse employment action is a question of law and not a question of fact for the jury. That issue already has been decided in the plaintiff's favor by the court.

2(a). It is not correct to submit the issue of whether the plaintiff's speech "was *the* motivating factor in the adverse employment" action. (Emphasis supplied.) The issue is whether his speech was *a* motivating factor.

2(b). It is redundant, and thus misleading, to add to the former question the added language "and that said adverse employment decision was made by defendant for impermissible reasons" because if the plaintiff's free speech was a motivating factor then, *ipso facto*, the decision was made for an impermissible

1

reason.

3. It is not correct to ask whether the defendant's actions "were *the* proximate cause" of plaintiff's injuries. (Emphasis supplied.) The issue is whether his actions were *a* proximate cause of the plaintiff's injuries.

4. It is not a correct statement of the law to assert that the defendant must have "acted intentionally and/or recklessly to deprive plaintiff of his constitutional right...." The defendant need not have either intended to deprive the plaintiff of his rights or have acted with reckless disregard for the plaintiff's rights in order to be liable. He need only to have intended the *actions* which he took, regardless of constitutional implications, or to have acted recklessly.

5. If this question is going to be asked, it should have language pointing out that the defendant has the burden of proof on the issue.

6. Presumably this question is asked with reference to the defendant's affirmative defenses. It is not fairly encompassed within any affirmative defense alleged by the defendant and therefore may not be submitted to the jury.

7. This question is not fairly encompassed within any affirmative defense alleged by the defendant and therefore may not be submitted to the jury.

<u>Qualified Immunity Question 1</u>. This question is not fairly encompassed within the defendant's qualified immunity defense as pled and therefore may not be submitted to the jury. Moreover, as a matter of law, qualified immunity is not

available as a defense on the facts of this case.

                          THE PLAINTIFF

                          BY:_____
                               JOHN R. WILLIAMS (ct00215)
                               51 Elm Street
                               New Haven, CT 06510
                               203/562-9931
                               FAX:  203/776-9494
                               E-Mail: jrw@johnrwilliams.com
                               His Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was transmitted to John R. Mitola, Esq., Office of the City Attorney, 999 Broad Street, Bridgeport, CT 06604 [mitolj0@ci.bridgeport.ct.us].

_____
JOHN R. WILLIAMS