

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TODD JOHNSON | : | NO.: 3:00C~~V1556(DJS)~~ |
| Plaintiff | : | 1556 (DFM) |
| VS. | : | |
| JOSEPH GANIM, et al | : | |
| Defendants | : | JULY 19, 2005 |

### DEFENDANT'S EXHIBIT LIST

1. The Plaintiff's Complaint- **(Plaintiff did not object to this exhibit in the Joint Trial Memorandum)**

2. Dr. Charles Opsahl's medical report dated March 25, 1999. This report sets forth Dr. Opsahl's examination and findings with respect to the independent medical examination performed by Dr. Opsahl on the plaintiff. **(Although plaintiff did not file an objection in the Joint Trial Memorandum as to the admissibility of this particular**

1

        **exhibit, plaintiff did file an objection on Dr. Opshal testifying on relevance grounds and improper expert disclosure).**

3. January 26, 1999 letter from Labor Relations Officer Ronald Rapice to Plaintiff. RE: Suspension and request to undergo EAP assistance and IME. **(Plaintiff did not object to this exhibit in the Joint Trial Memorandum)**

4. April 22, 1999 letter from Ronald Rapice to Dominic Pettinichi NAGE Assistant Director RE: Johnson suspension; status of EAP treatment and Johnson's refusal to cooperate. **(Plaintiff did not object to this exhibit in the Joint Trial Memorandum)**

5. May 11, 1999 letter from Ronald Rapice to Dominic Pettinichi NAGE Assistant Director RE: Johnson suspension; status of EAP treatment and Johnson's refusal to cooperate. **(Plaintiff did not object to this exhibit in the Joint Trial Memorandum)**

6. June 3, 1999 letter from Labor Relations Officer, Ronald Rapice to Plaintiff. RE: Termination letter which references plaintiff's refusal to seek EAP assistance and references the many opportunities the City gave plaintiff to comply with the City's request including the assignment of a

new EAP counselor and an IME conducted by a doctor of plaintiff's choice. **(Plaintiff did not object to this exhibit in the Joint Trial Memorandum)**

7. Letter from Plaintiff to Defendants dated January 7, 1999, which references violence in the workplace. **(Plaintiff did not object to this exhibit in the Joint Trial Memorandum).**

8. Letter to Civil Service Commission from Plaintiff dated January 19, 1999. **(Plaintiff did not object to this exhibit in the Joint Trial Memorandum)**

9. The Collective Bargaining Agreement between NAGE and the City of Bridgeport which identifies the rights of union members and the City concerning discipline in the workplace. **(Plaintiff did not object to this exhibit in the Joint Trial Memorandum).**

10. The City of Bridgeport Work Rules and Regulations Policy. **(Plaintiff did not object to this exhibit in the Joint Trial Memorandum)**

11. Letter from Daniel Sullivan to Edmund Winterbottom dated March 23, 1998 RE: Todd Johnson with enclosed letters concerning conduct of

plaintiff and concerns from fellow employees who felt threatened and scared because of plaintiff's conduct. The enclosed letters are:

 a. Lettter to John Marsillio from anonymous employee RE: Todd Johnson

**(Plaintiff objects if offered for the truth of its contents, on the ground that it constitutes hearsay. It is submitted to this court that the defenant offers this not for the truth of the matter but state of mind of defendant Rapice)**

 b. Letter to Daniel Sullivan from anonymous employee RE: Todd Johnson

**(Plaintiff objects if offered for the truth of its contents, on the ground that it constitutes hearsay. It is submitted to this court that the defenant offers this not for the truth of the matter asserted but state of mind of defenant Rapcie).**

 c. Letter to Director of Labor Relations Edmund Winterbottom from City Hall Employees RE: Todd Johnson.

4

**(Plaintiff objects if offered for the truth of its contents, on the ground that it constitutes hearsay. It is submitted to this court that the defenant offers not for the truth of matter asserted but for state of mind of witness and defendant Rapice)**

    d. February 14, 1995 letter from Johnson to Sullivan and Hammond RE: work issues. **(Plaintiff did not object to this exhibit in the Joint Trial Memorandum)**

12. Letter from Johnson to Colligan dated December 1, 1998 demanding to appear before Civil Service Commission. **(Plaintiff did not object to this exhibit in the Joint Trial Memorandum)**

13. January 5, 1998 letter to Johnson from Hammond Re suspension. **(Plaintiff did not object to this exhibit in the Joint Trial Memorandum)**

14. March 26, 1998 letter from Hammond to Johnson RE: suspension. **(Plaintiff did not object to this exhibit in the Joint Trial Memorandum)**

15. June 16, 1998 letter from Hammond to Johnson RE: Written Warning. **(Plaintiff did not object to this exhibit in the Joint Trial Memorandum)**

16. Letter from Todd Johnson to Ned Winterbottom dated February 18, 1998. RE: Anonymous Letter  **(Plaintiff did not object to this exhibit in the Joint Trial Memorandum).**

THE DEFENDANT

BY: _____
John R. Mitola
Associate City Attorney
Office Of The City Attorney
999 Broad Street
Bridgeport, Connecticut 06604
Telephone No.: (203) 576-7647
CT FED BAR NO.: 04017

## CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing was mailed, postage prepaid to Attorney John R. Williams 51 Elm Street, New Haven, CT 06510.

_____
John R. Mitola