# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TODD JOHNSON | : | CIVIL ACTION NO: |
|     Plaintiff, | : | 3:00CV15569 (DJS) |
| vs. | : | |
| | : | |
| JOSEPH GANIM, ET AL. | : | AUGUST 2, 2005 |
|     Defendants. | : | |

## MOTION FOR JUDGMENT AS A MATTER OF LAW

Pursuant to Federal Rule of Civil Procedure 50, the Defendant, Ron Rapice, moves that this Court grant judgment in his favor as a matter of law. The basis of this Motion is that there is no legally sufficient evidentiary basis for a reasonable jury to find for the Plaintiff in this case.

In this case, the Plaintiff's Complaint specifically alleges that the Defendant Rapice, acting with the express authorization of Defendant Joseph Ganim and on behalf of the Defendant City of Bridgeport, suspended the Plaintiff without pay for a period of thirty days because of the two subject letters written and sent to city officials. Moreover, the Plaintiff alleges that with the "authorization of Defendant Ganim" and in the name of the Defendant City of Bridgeport, Defendant Rapice terminated the Plaintiff's municipal employment. The allegations of the Complaint are that the former Defendant in this case, Joseph Ganim, expressly authorized and directed Rapice to act.

In this case, there is no evidence to support the claim that Joseph Ganim expressly authorized Rapice to act. First, the District Court entered summary judgment for Defendant Joseph Ganim and City of Bridgeport finding that there was no evidence to support Plaintiff's claim that he had anything to do with his suspension and termination. This finding was upheld by the United States Court of Appeals for the Second Circuit. (Please see <u>Johnson v. Ganim, et al</u>, 342 F.3d 105 (2003).) By necessary implication, the Plaintiff cannot prove the allegations of his Complaint because of the mere fact that his Complaint alleges that it was Ganim who expressly authorized Rapice to act in the suspension and termination of the Plaintiff. If, in fact, as the District Court and the Second Circuit have ruled, there is absolutely no evidence to support Plaintiff's claim that Ganim had anything to do with his suspension and termination, the Plaintiff cannot prove the allegations of his Complaint and as mandated under Rule 50, if there is no legally sufficient evidentiary basis or a reasonable basis for a reasonable jury to find for the party on that issue, this Court may determine the issue for Defendant Rapice.

Additionally, this court should enter judgment on behalf of defendant Rapice because plaintiff has failed to offer any evidence that Rapice retaliated against the plaintiff because of his speech and therefore cannot sustain his δ

1983 claim. The evidence is totally lacking to prove that the suspension and termination of the plaintiff was due to his speech. Simply put the plaintiff has failed to support his δ 1983 claim.

THE DEFENDANTS

BY: /s/
John R. Mitola
Associate City Attorney
Office Of The City Attorney
999 Broad Street
Bridgeport, Connecticut 06604
Telephone No.: (203) 576-7647
CT FED BAR NO.: 04017

## CERTIFICATION

This is to certify that a copy of the foregoing has been ~~mailed~~ hand delivered, postage prepaid, this 2 day of Aug, 2005, to: John R. Williams, Esq., 51 Elm Street, New Haven, CT 06510.

/s/
John R. Mitola
Commissioner of the Superior Court