UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TODD M. JOHNSON, SR. | : | |
| | : | |
| VS. | : | NO. 3:00CV1556(DFM) |
| | : | |
| RONALD RAPICE | : | AUGUST 13, 2005 |

### BRIEF IN SUPPORT OF MOTION FOR ATTORNEY FEES

The plaintiff moves for an award of attorney fees, pursuant to 42 U.S.C. § 1988, in the amount of $30,065. This motion is supported by the affidavit and time records of his undersigned attorney.

"The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, was designed to allow private individuals a meaningful opportunity to vindicate civil rights violations. As stated in the legislative record, '[i]f private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court.' S.Rep.No. 1011, 94th Cong., 2d Sess. 2 (1976)...." Ortiz v. Regan, 980 F.2d 138, 140 (2nd Cir. 1992).

The affidavit of the undersigned establishes that for several years the

undersigned's actually billing rate to clients has been $350 per hour. This is a modest rate compared to rates charged in this district by other lawyers of comparable experience, which range from $425 per hour to $650 per hour. It is almost exactly the rate previously held by this court in earlier years to be appropriate. Connecticut State Dept. Of Social Services, 289 F. Supp. 2d 198 (D. Conn. 2003) ($375 per hour and $325 per hour, depending upon experience); Bristol Technology, Inc. V. Microso0ft Corp., 127 F. Supp. 2d 64 (D. Conn. 2000) (reducing 1999 Connecticut hourly rate of $500 per hour, and 1998 Connecticut hourly rate of $470 per hour to $375 per hour).

In Missouri v. Jenkins, 491 U.S. 274 (1989), the court held that the appropriate way to compensate lawyers for the delay in payment of the Section 1988 fee is to compensate all time at current market rates. *Cf.,* Savoie v. Merchants Bank, 166 F.3d 456 (2d Cir. 1999); Gierlinger v. Gleason, 160 F.3d 858 (2d Cir. 1998); Grant v. Martinez, 973 F.2d 96 (2d Cir. 1992). "When attorney's fees are awarded, the current market rate must be used....The current market rate is the rate at the time of the fee petition, not the rate at the time the services were performed." Lanni v. New Jersey, 259 F.3d 146, 149 (3rd Cir. 2001).

The Second Circuit affirmed, as being well within the trial judge's discretion, a holding by Judge Eginton that a lawyer's travel time should be

compensated at the same hourly rate as in-court time, since it represents an "opportunity cost" to the lawyer which in the District of Connecticut most lawyers bill to the client. Ruggiero v. Krzeminski, 928 F.2d 558, 564-65 (2d Cir. 1991). *Cf.*, C.G. v. New Haven Board of Education, 988 F. Supp. 60 (D. Conn. 1997).

     Although not dispositive, the hourly rate previously agreed upon between the plaintiffs and their attorneys is "strongly indicative of what constitutes a 'reasonable' fee...." St. Louis Fire Fighters Assn. v. City of St. Louis, 96 F.3d 323, 332 fn. 9 (8th Cir. 1996). "The attorney's actual billing rate for comparable work is presumptively appropriate to use as the market rate." Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 555 (7th Cir. 1999). *Cf.*, Denius v. Dunlap, 330 F.3d 919, 930 (7th Cir. 2003). "Only if an attorney is unable to provide evidence of her actual billing rates should a district court look to other evidence, including 'rates similar experienced attorneys in the community charge paying clients for similar work.'" Mathur v. Board of Trustees, 317 F.3d 738, 743 (7th Cir. 2003). What the plaintiff's lawyer otherwise would have earned also is an ideal measure of the appropriate lodestar. "The cases properly emphasize opportunity cost in the determination of a reasonable attorney's fee. If the plaintiffs' lead lawyer, in order to work on this case, gave up work for a client who would have paid him $320 an hour for each of the hours that he spent on this case, that is presumptively a reasonable fee for his services in this case."

Cooper v. Casey, 97 F.3d 914, 920 (7th Cir. 1996) (Posner, C.J.).

Here, the plaintiff prevailed fully, having obtained from the jury a verdict which compensated him for more than his total economic loss, added compensation for emotional distress, and further awarded punitive damages. The time records submitted are modest and all directly and necessarily related to the plaintiff's success against the defendant. The hourly rate sought is below the market rate in Connecticut and below the rates awarded by this court in other cases, and represents the actual billing rate of plaintiff's attorney. The motion should be granted in full.

Respectfully submitted:

_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203/562-9931
FAX: 203/776-9494
E-Mail: jrw@johnrwilliams.com
Plaintiff's Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was transmitted to John R. Mitola, Esq., Office of the City Attorney, 999 Broad Street, Bridgeport, CT 06604 [mitolj0@ci.bridgeport.ct.us].

_____
JOHN R. WILLIAMS