UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TODD M. JOHNSON, SR. | : | |
| | : | |
| VS. | : | NO. 3:00CV1556(DFM) |
| | : | |
| RONALD RAPICE | : | AUGUST 12, 2005 |

### MEMORANDUM IN OPPOSITION TO RULE 50(b) MOTION FOR JUDGMENT AFTER TRIAL

    The defendant moves pursuant to Rule 50(b) for Judgment, on three grounds: (1) that the evidence was insufficient to support the plaintiff's First Amendment action as a matter of law; (2) that the defendant, as a matter of law, proved that his action in suspending, or his action in terminating, the plaintiff met the balancing test of <u>Pickering v. Board of Education</u>, 391 U.S. 563 (1968), as a matter of law; (3) that, as a matter of law, the defendant sustained his burden of proving that a reasonable person in his position would have thought the plaintiff could be suspended, or later fired, because of the letter in question, thus entitling him to qualified immunity. The jury was given special interrogatories to enable the court to pass upon these claims. The precise questions contained in those interrogatories were approved by the defendant. The defendant now argues that the court should ignore those findings and grant him judgment

anyway.

"In ruling on a motion for judgment as a matter of law under Fed.R.Civ.P. 50(b), a district court must consider the evidence in the light most favorable to the non-movant, giving that party the benefit of all reasonable, favorable inferences the jury might have drawn from the evidence....The trial court is not to consider the credibility of the witnesses or otherwise assess the weight of conflicting evidence, since that function is given to the jury....Only when no evidence exists to support the jury's verdict and the verdict it reached could have been based on nothing more than surmise and conjecture or where there is such overwhelming evidence in favor of the movant that reasonable and fair-minded jurors could not arrive at a verdict against the movant, may a trial court properly grant a motion to set aside a jury verdict....The same standard governs appellate review of the grant of such judgment." Jones v. Spentonbush-Red Star Co, 155 F.3d 587 (2d Cir. 1998) (citations omitted).

"In evaluating a motion under this provision, a trial court 'cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury.' Weldy v. Piedmont Airlines, Inc., 985 F.2d 57, 60 (2d Cir. 1993). In other words, 'either there must be such a complete absence of evidence supporting the verdict that the jury's finding could only have been the result o[f] sheer surmise and conjecture or the evidence

must be so overwhelming that reasonable and fair-minded persons could only have reached the opposite result.'" Hardy v. Saliva Diagnostic Systems, Inc., 52 F. Supp. 2d 333, 337 (D. Conn. 1999), citing Concerned Residents for Envirn. v. Southview Farm, 34 F.3d 114, 117 (2d Cir. 1994); Stubbs v. Dudley, 849 F.2d 83, 85 (2d Cir. 1988).

"Judgment as a matter of law may not properly be granted under Rule 50 unless the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in her favor. In deciding such a motion, the court must give deference to all credibility determinations and reasonable inferences of the jury, and it may not itself weigh the credibility of witnesses or consider the weight of the evidence. Thus, judgment as a matter of law should not be granted unless (1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded persons could not arrive at a verdict against it." Galdieri-Ambrosini v. National Realty & Dev. Corp., 136 F.3d 276, 289 (2d Cir. 1998). Quoted in National Communications Association, Inc. v. AT&T Corp., 238 F.3d 124, 127 (2d Cir. 2001). *Cf.*, Raniola v. Bratton, 243 F.3d 610, 616 (2d Cir. 2001).

In this very case, the Second Circuit already has held that on the

evidence before the court at the time of the defendant's motion for summary judgment, a jury could properly find in the plaintiff's favor. Johnson v. Ganim, 342 F.3d 114 (2nd Cir. 2003). The evidence presented to the jury at this trial precisely tracked that before the court at the time of the motion for summary judgment. Thus, the defendant's first argument is barred by the Second Circuit's prior ruling.

The defendant's second argument is barred by the jury's factual finding in response to the special interrogatories approved by the defendant for that purpose. As the defendant notes, Pickering requires that the employer prove that its prediction of disruption to the workplace from the otherwise protected speech is a reasonable one. The jury determined that it was not. There was an evidentiary basis for that determination, because nobody in the workplace saw, or ever would see, the plaintiff's letter unless it was shown them by the defendant or another supervisor. The plaintiff was not speaking in the workplace and he did not publish his letter. Thus, the jury obviously was correct in finding that the defendant did not prove there was anything objectively reasonable about his claim that he feared workplace disruption.

The defendant's final argument is defeated by the Second Circuit's ruling in this case and by the jury's interrogatory answers. "A government official sued in his individual capacity is entitled to qualified immunity (1) if the conduct

attributed to him is not prohibited by federal law...; or (2) where that conduct is so prohibited, if the plaintiff's right not to be subjected to such conduct by the defendant was not clearly established at the time of the conduct...; or (3) if the defendant's action was objectively legally reasonable in light of the legal rules that were clearly established at the time it was taken." O'Bert ex rel. Estate of O'Bert v. Vargo, 331 F.3d 29, 36 (2nd Cir. 2003) (citations, quotation marks and ellipses omitted). The Second Circuit's prior opinion in this case cannot be squared with any defense attempt to prove any one of these three prongs. Moreover, the jury found no objective reasonableness in the defendant's professed beliefs and rejected his claimed reasons for his actions out of hand.

The defendant's argument that if any judge, overruled by the Court of Appeals, agreed with his argument then as a matter of law his actions were objectively reasonable, is little short of bizarre. If that argument were adopted, no plaintiff ever could appeal a qualified immunity ruling because the very fact that the ruling was made would be sufficient to prove that the defense was sound.

There were, as the Court of Appeals ruled previously, genuinely disputed issues of fact in this case. Those issues were found in the plaintiff's favor by the jury. The jury was within its right in doing so. The Motion for Judgment as a Matter of Law must be denied.

        Respectfully submitted:


_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203/562-9931
FAX:  203/776-9494
E-Mail: jrw@johnrwilliams.com
Plaintiff's Attorney


CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was transmitted to John R. Mitola, Esq., Office of the City Attorney, 999 Broad Street, Bridgeport, CT 06604 [mitolj0@ci.bridgeport.ct.us].


_____
JOHN R. WILLIAMS