UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TODD M. JOHNSON, SR., | : |
| Plaintiff, | : |
| v. | : |
| | : CASE NO. 3:00CV1556(DFM) |
| RONALD RAPICE, | : |
| Defendant. | : |

RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Pending before the court is the plaintiff's Motion for Attorney Fees (doc. #81).

I. Background

On August 16, 2000, the plaintiff Todd Johnson, Sr., commenced this action under 42 U.S.C. § 1983 against the City of Bridgeport, Joseph Ganim and Ronald Rapice, alleging that they unlawfully retaliated against him for exercise of his First Amendment rights.

The defendants moved for summary judgment on January 16, 2002. (Doc. #28.) Magistrate Judge Thomas P. Smith recommended that summary judgment be granted in favor of all defendants. (Doc. #42.) On September 11, 2002, the district court (Squatrito, J.) adopted and approved the recommendation and granted the defendants' motion for summary judgment. (Doc. #44.) The plaintiff appealed. (Doc. #46.) The Second Circuit upheld the grant of summary judgment as to defendants Ganim and the City of Bridgeport but reversed the ruling as to defendant Rapice.

See Johnson v. Ganim, 342 F.3d 105 (2d Cir. 2003). On remand, the case was referred to the undersigned for all further proceedings pursuant to 28 U.S.C. § 636(c). (Doc. #55.) After a two-day trial, the jury returned a verdict in the plaintiff's favor and awarded him $11,700 in compensatory damages and $1,000 in punitive damages.

As the prevailing party, the plaintiff moves for an award of attorney's fees in the amount of $30,065. In support of the motion, the plaintiff's attorney, John R. Williams, has filed an affidavit indicating that his billing rate is $350. Exhibit A to the affidavit is a list of time spent on the matter, totaling 85.9 hours. Mr. Williams' affidavit indicates that he personally drafted the complaint, opposed the summary judgment motion, briefed and argued the Second Circuit appeal, prepared the trial memorandum and tried the case.

The defendant did not object to the motion for attorney's fees.

II. Standard of Review

Under 42 U.S.C. 1988(b), a plaintiff who has prevailed in vindicating rights under the federal civil rights statutes is entitled to reasonable attorney's fees. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart,

2

461 U.S. 424, 433 (1983). The product of this calculation is called the "lodestar" figure. Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999). The fee applicant bears the burden of establishing entitlement to an award and must support his application with contemporaneous time records specifying the date, the hours expended and nature of work performed. Hensley, 461 U.S. at 437.

"The Supreme Court has held that, in awarding attorneys' fees, 'the most critical factor is the degree of success obtained.'" Patterson v. Balsamico, 440 F.3d 104, 123 (2d Cir. 2006) (quoting Hensley, 461 U.S. at 436 (1983). Consideration may also be given to the experience, reputation and ability of the attorney as well as to the difficulty of the issues presented and the amount at stake in the litigation. Hensley, 461 U.S. at 429-30 n.3, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (citing the twelve factors listed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)).

"[T]he district court has discretion in determining the amount of a fee award." Id. "In determining the number of hours reasonably expended for purposes of calculating the lodestar, the district court should exclude excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999) (internal citations and quotation marks

omitted). Attorney's fees may be awarded for unsuccessful claims as well as successful ones, however, where they are "inextricably intertwined and involve a common core of facts or are based on related legal theories." Id. (internal citations and quotation marks omitted).

III. Discussion

The court begins by considering the reasonableness of plaintiff's counsel's $350 rate. Attorney Williams' affidavit indicates that he has been a member of the bar since 1968, and the court is familiar with his extensive trial practice before this court. Based on its familiarity with prevailing market rates in this district, the court determines that a rate of $300 was the appropriate rate for an attorney of Mr. Williams' experience as of 2005. See also, Jomarron v. Nasco Enters., No. 3:05cv0094 (MRK) (WIG), 2005 U.S. Dist. LEXIS 19904 (D. Conn. 2005) (holding that counsel's requested rate of $ 300/hour was in keeping with other fee awards in this district); Goins v. JBC & Assocs., P.C., No. 3:02CV1069 (WIG), 2005 U.S. Dist. LEXIS 34978 (D. Conn. 2005) (holding that $350 rate requested by counsel was not reflective of prevailing market rates for an experienced attorney, and awarding $300 rate instead); Healey v. Leavitt, No. 3:98CV418 (DJS), 2005 U.S. Dist. LEXIS 25816, 14-15 (D. Conn. 2005) (based on prevailing market rates, the specialized work done by plaintiffs' counsel should be compensated at a maximum

rate of $300); Howell v. New Haven Bd. of Educ., No. 3:02cv736 (JBA), 2005 U.S. Dist. LEXIS 19897, 32-35 (D. Conn. 2005) (awarding attorney's fees for representation by Attorney John Williams at a $300 rate rather than the requested $350 rate).

The court must next review the reasonableness of the time spent on the case. There is no question that the plaintiff's attorney was successful in this case. The court also notes that the total time worked, 85.9 hours, is reasonable considering the procedural history and age of the case as of the date of trial. Although the claims against Joseph Ganim and the City of Bridgeport were unsuccessful, the court need not exclude time spent on those claims because they were "inextricably intertwined" with the successful claim and involved the same facts and related legal theories. See id. The court has individually reviewed each time entry on Exhibit A to Mr. Williams' affidavit and finds that the time spent is reasonable.

The court therefore awards the plaintiff attorney's fees for 85.9 hours at a rate of $300, which totals $25,770.

SO ORDERED this 30th day of March, 2007 at Hartford, Connecticut.

                    ____/s/_____
                    Donna F. Martinez
                    United States Magistrate Judge